ELIZABETH KELLY, by MARY KELLY, her Guardian ad Litem, Admitted to Prosecute as a Poor Person, Respondent, *v.* THE COHOES KNITTING COMPANY, Appellant.

*Damages for personal injuries — erroneous refusal of the court to charge the jury in regard to liability for negligence of a third person.*

Upon the trial of an action brought to recover damages arising from personal injuries resulting from the defendant's alleged negligence, a question of fact was presented for the jury to determine whether the defendant was liable by reason of the negligence of his servants in loading a box onto a truck in the way they did ; it appeared that there were three persons engaged in the business, two servants of the defendant and a servant of an independent contractor ; the jury could have found from the evidence that the defendant's servants were negligent, or that the servant of the contractor was guilty of negligence, and that the defendant's servants were not in fault.

*Held,* that, there being no claim that the defendant was liable for any negligent act on the part of the servant of the independent contractor, the refusal of the court to charge the jury that if the accident happened through the negligence

of the servant of the independent contractor the defendant was not liable, and that for any commission of wrong on the part of the servant of such contractor or omission of duty by him, the defendant was not liable, was improper;

That the instruction of the jury by the court that the plaintiff could not recover unless it were established that the injury to her was caused by the negligence of the defendant, did not cure the error made in the refusal to charge.

APPEAL by the defendant, The Cohoes Knitting Company, from a judgment of the County Court of Albany county in favor of the plaintiff, entered in the office of the clerk of Albany county on the 2d day of August, 1894, upon the verdict of a jury, and also from an order entered in said clerk's office on the 2d day of August, 1894, denying the defendant's motion for a new trial made upon the minutes.

*Charles F. Doyle*, for the appellant.

*J. F. Crawford*, for the respondent.

PUTNAM, J.:

The action was brought to recover damages for an injury to plaintiff resulting from defendant's alleged negligence. Plaintiff claimed that on April 14, 1891, while she was passing along one of the public streets of the city of Cohoes a box of goods was negligently pushed out of a door of defendant's mill by its servants upon the sidewalk and injured plaintiff, who was then lawfully passing along the street.

The principal question between the parties on the trial was as to whether plaintiff was injured by the box as it was shoved out of defendant's mill, or by the tailboard of the truck standing in front of the building to receive said box.

It is not claimed that defendant was liable for any negligence on the part of Simmons, the driver of the truck. He was an employee of Thompson & Hildreth, contractors, in the work of removing goods from defendant's premises to the Citizens' Line Steamboat Company. Simmons was not an agent or servant of defendant, but represented independent contractors.

We will not undertake to discuss the evidence produced on the trial by the parties. After carefully considering it, we are of the opinion that whether defendant's servants were negligent in shoving the box of goods into the street in the manner they did, whether

plaintiff was struck and injured by the box, and whether plaintiff's negligence did or did not contribute to the injury, were all questions of fact, which the trial court properly submitted to the jury, and as to which the verdict is conclusive.

Nor, under the circumstances of the case, can the damages awarded to the plaintiff be regarded as excessive.

We should, therefore, be in favor of an affirmance of the judgment were it not for certain refusals to charge by, and rulings of, the trial judge, which, we think, were erroneous, and which may have affected the result.

On the trial defendant requested the court to instruct the jury as follows: "That, if the accident happened by the negligence of Simmons, the defendant is not liable." Also: "For any commission of wrong by Simmons, or omission of duty by him, the defendant is not liable." The court declined to so charge, and the defendant duly excepted.

As we have seen, Simmons was not a servant of defendant, but of independent contractors, and it is not claimed that defendant was liable for any negligent act on his part. It was a question of fact for the jury whether defendant was liable by reason of the negligence of its servants in loading the box onto the truck in the way they did. There were three persons engaged in the business, two servants of the defendant and Simmons, the servant of the contractors. From the evidence the jury could have found that defendant's servants were negligent. They could also have determined that Simmons, the servant of the contractors, was guilty of greater negligence; that he, standing in the wagon, where he must have seen the children passing along the street, and allowing the plaintiff to come under the descending box, which he was assisting to load, without warning, was guilty of gross negligence. Defendant's servants, knowing that Simmons was in the wagon to receive the box, may, without being necessarily negligent, have regarded him as a watchman, who would warn travelers on the street as to the box about to descend and have relied on him to give such warning, and hence may not have been in fault themselves in pushing the box as they did into the wagon. At least, under the evidence, it was possible for the jury to so find.

We think, therefore, that the court should have charged, as

requested, that defendant was not liable for any omission of duty, wrong or negligent act of Simmons. The question before the jury was — was the injury to plaintiff caused by a negligent act on the part of defendant? Defendant was liable if a negligent act of its servants produced or contributed to the injury. It was not liable if the injury was alone caused by the negligent act of the contractors or their servant. It was a question of fact for the jury. By the charge, and the refusal of the judge to give the instructions asked for, the jury were allowed to believe and may have concluded that the defendant was liable for the act of Simmons. They may have reached a conclusion which they would not have arrived at had they been informed that the defendant was not responsible for the negligent action of the contractors or their servant. It is true, as suggested by the learned counsel for the respondent, that the jury were instructed by the court that plaintiff could not recover unless it were established that the injury to plaintiff was caused by the negligence of the defendant. But he should have charged further, as requested, that the act of the contractors was not that of the defendant. As the court left it, the jury may have determined that the defendant was liable for the negligent omission of Simmons to give proper warning to the children passing along the street. The refusal of the trial judge to instruct the jury as above suggested was a material error which necessitates the granting of a new trial.

We also doubt the correctness of the following instruction to the jury: "If you find the wagon was standing, as is claimed on the part of the defense, backed up against the building, and this plaintiff attempted to crawl through or to go through there when the end board was up within three inches of the building and hit the end board, then it is a question for you to determine whether she was guilty of negligence or not, taking in consideration her age. If she were an adult, had been at the time, and attempted to pass through such a place, I should charge you as a matter of law it was negligence, and gross negligence, and if she got injured she ought to suffer the consequences. I will leave that question with you to determine whether this girl, being ten years and a half or a little older, at the time, whether she was guilty of negligence, if she attempted to pass through there when the truck was standing within three inches or up against the building, or not."

Although plaintiff was only ten and one-half years old, if she attempted to pass defendant's building when the truck was only three inches from it, and under the circumstances stated in the charge, we doubt whether, as a matter of law, she was not guilty of contributory negligence. (See *Wendell* v. *N. Y. C. & H. R. R. R. Co.*, 91 N. Y. 420.)

But as there should be a new trial for the reason above stated we will not consider this question, as well as other questions raised on the appeal.

Judgment reversed, new trial granted, costs to abide the event.

MAYHAM, P. J., and HERRICK, J., concurred.

Judgment reversed and new trial granted, costs to abide the event.