(13 Misc. Rep. 327.)

### FITZGERALD v. TIMONEY.

(City Court of New York, General Term. June 25, 1895.)

NEGLIGENCE—PROXIMATE CAUSE.

In an action for personal injuries, caused by the fall of plastering from the ceiling of premises leased to plaintiff by defendant, it appeared that defendant contracted with a third person to put a new floor in the apartment above that occupied by plaintiff. One M., an employé of the contractor, testified that while he was engaged in the work his foot slipped, and went through the ceiling, causing a lot of plaster to fall. *Held,* that defendant was not liable, though the plaster on the ceiling was insecure, and liable to fall at any time.

Appeal from trial term.

Action by Ella V. Fitzgerald against John H. Timoney. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before CONLAN and NEWBURGER, JJ.

W. H. Deady, for appellant.
F. C. Devlin, for respondent.

CONLAN, J. This is an appeal from a judgment entered on the verdict of a jury and from an order denying the defendant's motion for a new trial. The action is based on negligence, and it follows, therefore, that, unless the negligence of the defendant was the cause of the injury, the judgment must be reversed. The plaintiff was residing with her family, occupying a floor in the house of the defendant at No. 252 East Fifty-Second street, on the 28th of September, 1891. The evidence of the plaintiff is to the effect that

when the premises were rented the janitor of the defendant promised that the defendant would make the repairs; that, about July or August, 1891, she, with her sister, called the attention of the defendant to the ceiling in the kitchen, where it had cracked and sagged, and was thought to be in a dangerous condition, and that the defendant promised to repair it, but did not do so up to the 28th day of September, when a large piece of plastering fell from the ceiling, striking the plaintiff upon the head and shoulders, thereby causing the injury complained of. The defendant, while denying the promises to repair, alleges and shows that, about the time complained of, he made a contract with one McCormack, a carpenter, to take out the old, and put down a new, floor in the apartments immediately over the apartments occupied by plaintiff, for the sum of $64; that McCormack was engaged in said work on the 28th day of September, 1891, and that he had in his employ his son and one Luby, who had formerly been in the express business. Luby testifies, at folio 119: "I was helping McCormack and his son take up the floor of the house on Fifty-Second street. I was standing on the beam, when my foot slipped and went through the ceiling, and broke two laths; and a lot of mortar fell on the table. The hole was big enough for my foot to go through. The broken laths fell down with the ceiling." This testimony is corroborated by one James McCormack, the son of the contractor, and who was assisting his father at the time. It is not contended that the person assisting McCormack at the time of the accident was in the employ of the defendant, or under his control, or subject to his directions. He was the servant of the contractor McCormack, employed by him, and entirely subject to his orders. No act of negligence on his part could make the defendant liable. Hexamer v. Webb, 101 N. Y. 377, 4 N. E. 755; Kelly v. Knitting Co. (Sup.) 32 N. Y. Supp. 459. The plaintiff does not pretend to know what caused the plaster to fall. Therefore, assuming, for the sake of argument, that the defendant did agree to make repairs, and that the kitchen plastering was out of repair on the 28th day of September, 1891, yet the uncontradicted evidence shows that the impaired condition of the plastering was not the proximate cause of the injury. It is true that the ceiling might have fallen later through inherent defects, if not repaired, but the court cannot speculate as to the time when, or that any person would be injured thereby. The undisputed evidence shows that the proximate cause of the injury was the slipping of the contractor's employé, thereby pushing his foot through the ceiling, displacing a large portion of the plaster. There was, therefore, no disputed question of fact controlling in the case for the jury to determine; and defendant having shown his contract with McCormack, and traced the immediate cause of the injury to persons other than his agents, servants, or employès, he was entitled to the direction asked for by his counsel at the close of the testimony. The refusal was error.

Judgment reversed, and a new trial ordered, with costs to abide the event.