(7 Misc. Rep. 70.)

## STERNWALD v. SIEGEL et al.

(Common Pleas of New York City and County, General Term. February 5, 1894.)

1. STATUTE OF FRAUDS—ORIGINAL PROMISE.
   A promise, made in consideration of a transfer of personal property, to pay certain demands against the transferrer, is an original promise.
2. TRESPASS—LEVY OF EXECUTION—LIABILITY OF EXECUTION CREDITOR.
   Execution creditors are liable for a trespass committed by the officer in making a levy, where they actively participated in the levy, and directed the officer in regard to it.
3. APPEAL—OBJECTIONS TO ANSWER OF WITNESS.
   An objection to the answer of a witness, without a motion to strike the answer out, is not available on appeal.

Appeal from trial term.

Action by John Sternwald against Solomon H. Siegel and Jacob Kulla to recover damages for trespass, in causing plaintiff's store to be entered, and its contents carried away, and plaintiff's business to be destroyed. The defense was that the store was entered and the contents levied on under an execution issued on a judgment recovered by defendants, and that the judgment debtor was the owner of the store and its contents at the time of the levy. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial made on the minutes, defendants appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Mr. Anthony, for appellants.

D. M. Porter, for respondent.

BISCHOFF, J. After both sides had concluded their introduction of evidence, and when the cause was about to be submitted to the jury, it appeared that plaintiff had accepted the transfer to him of the judgment debtor's store and its contents before the seizure thereof and levy thereon by the marshal to whom the execu-

tion was directed, without further consideration than his oral promise to discharge certain specific demands against the judgment debtor, which aggregated $500; and plaintiff's recovery in this action is now assailed upon the ground that the promise to pay the demands was within the statute of frauds, and void, because not in writing, and that the undisputed evidence therefore shows that no consideration whatever was paid for the transfer, and hence that it was conclusively fraudulent, as against creditors of the judgment debtor. This contention, however, is without merit. Plaintiff's promise was enforceable against him as an original one, made upon an independent consideration, beneficial to him, and devolving the obligation to pay the demands as agreed. White v. Rintoul, 108 N. Y. 222, 227, 15 N. E. 318.

The evidence shows that the defendants actively participated, and directed the marshal, in the seizure of and levy upon the store and contents. This constituted them trespassers equally with the marshal, and subjected defendants to joint and several liability therefor, (Dyett v. Hyman, 129 N. Y. 351, 29 N. E. 261;) and, upon a charge to which no exception was taken, the learned trial judge fairly submitted the question of the bona fides of the transfer of the store, and of defendants' participation in its seizure, to the jury, whose determination upon a mere conflict of evidence we are not authorized to disturb. Besides, when the introduction of evidence for both sides was at an end, defendants did not ask that the complaint be dismissed, or a verdict be directed in their favor. Hence, they should now be precluded from questioning the sufficiency of the evidence for submission to the jury. Bennett v. Levi, (Com. Pl. N. Y.) 19 N. Y. Supp. 226. If it was error to deny defendants' motion to dismiss the complaint when plaintiff rested, the evidence thereafter adduced by either party obviated it. Meyers v. Cohn, 4 Misc. Rep. 185, 23 N. Y. Supp. 996.

Plaintiff was asked on direct examination, "Did you have any transaction with Mr. Lindahl about the 21st of July, 1892?" No exception was taken to the overruling of an objection by defendants' counsel, and the objection itself was invalid because no ground therefor was stated. Cruikshank v. Gordon, 118 N. Y. 178, 186, 23 N. E. 457. The motion to strike the answer out also fails to present any ground therefor, and was addressed to the discretion of the court, because no valid objection to the question was made. Platner v. Platner, 78 N. Y. 90, 101. It was competent to plaintiff to show payment of the demands agreed to be paid by him. The exception, therefore, to the question on plaintiff's direct examination, "What was done by you with reference to the debts to the other persons, other than yourself?" is unavailable. The question did not call for the narration of a conversation with any person, as contended. An objection to an answer of the witness, without a motion to strike the answer out, does not present error. Hence, the exception based upon an objection to Lindahl's testimony as to why he made the transfer to plaintiff is invalid. Platner v. Platner, supra. The objection to the question asked of Lindahl—to state what goods the marshal took, and their value

—specifies no ground. It was competent for plaintiff to show that the marshal entered his store with the intention of seizing it under the process directed to him, as well as that the demands which plaintiff had agreed to pay in consideration of the transfer of the store to him were actual and subsisting. The objections, therefore, to the introduction of this evidence, present no error. The judgment and order should be affirmed, with costs. All concur.