103    6
109   642

FRANK M. TOTTEN v. DANIEL BURHANS.

[See 91 Mich. 495.]

*Fraud—Evidence—Trial—Practice in Supreme Court—Assignments of error—Conduct of counsel—Directing verdict.*

1. An assignment of error that the court erred in permitting a witness to answer a given question will not be considered where the record fails to show that the question was answered.

2. In an action against one partner by the purchaser of his interest in the firm business and assets for falsely representing as good and collectible certain accounts included in the purchase, it is competent for the plaintiff to show that the interest of the other partner was merely nominal.

3. The plaintiff, after the purchase, formed a partnership with the other partner, and after running the business for a time resold it to the defendant. On the trial said partner testified in behalf of the defendant as to the manner of selecting the assigned accounts, and that all of the accounts were not assigned to the plaintiff. Plaintiff claimed that he was to have gilt-edged accounts. And it is held that it was competent, upon cross-examination, to show the amount of the unassigned accounts, and what had been realized upon them, and, as bearing upon the credit to be given to the testimony of the witness, to show the relations between him and the defendant, and the agreements between them respecting the resale.

4. Where, after the giving of certain testimony, an objection to "going into the inquiry" thereby suggested is overruled, and the inquiry on that line ceases, and no motion is made to strike out the testimony, an assignment of error based upon an exception to said ruling will not be considered.

5. A motion to strike out all of the testimony of a witness on a given subject is properly denied where a portion of the testimony is competent.

6. An objection that the charge of the court as given excluded from the consideration of the jury the defendant's theory is held untenable, it appearing that seven of his nine requests to charge were given; that error is not assigned upon the two not given; and that one of the requests given was that, if the jury believed the testimony of the defendant and his witnesses, they must find in his favor.

7. An assignment of error based upon the alleged use of improper language by the counsel for the appellee in addressing the jury will not be sustained, where the Court cannot say that the facts disclosed by the record exclude the inferences which the counsel thought them susceptible of, as evidenced by the language complained of.

8. An exception to the refusal of the court to direct a verdict in favor of the defendant on his motion, made at the close of the plaintiff's proofs, is waived by defendant's proceeding to introduce testimony.[1]

---

[1] DIRECTING VERDICT.

For cases bearing upon the question of the direction of a verdict in favor of the defendant on his motion, see:

1. *Morley v. Insurance Co.*, 85 Mich. 210, holding that the trial judge is under no obligation to charge the jury until both parties have rested, and announced the testimony as closed; that the defend-

Error to Shiawassee. (Newton, J.) Argued November 1, 1894. Decided December 7, 1894.

Case. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 91 Mich. 495.

*Watson & Chapman,* for appellant.

*S. F. Smith* (*G. R. Lyon,* of counsel), for plaintiff.

McGRATH, C. J. For a statement of the facts herein, reference is made to 91 Mich. 495.

Twelve of the sixteen assignments of error relate to the admission of testimony, two to remarks of counsel made during the trial, one to instructions given by the court to the jury, and one to the refusal to direct a verdict for defendant.

1. The first assignment alleges error in permitting an answer to a given question, but from the record it does not appear that the question was answered.

2. Plaintiff was asked what was said, if anything, about Chase's partnership, and what was the extent of it. The conversation referred to was that in which the representations complained of were made. Plaintiff was a purchaser of defendant's interest in the business. It was entirely competent to show that Chase's interest was a merely nominal interest.

---

ant may, if he chooses, rest upon the plaintiff's showing, but, until he has so announced to the court, he is not in a position to insist legally upon instruction to the jury.

2. *Denman v. Johnston,* 85 Mich. 387, holding that if a defendant chooses to rely upon a motion to direct a verdict, which amounts to a demurrer to the evidence, he must do so absolutely, and be bound by the disposition which the court may make of the case, and he has no right (except in the discretion of the court), after a ruling upon the motion, to introduce testimony.

See, to a similar effect, *Hinchman v. Weeks,* 85 Mich. 535; *Clow v. Plummer,* 85 Id. 550; *Kelso v. Woodruff,* 88 Id. 299.

3. On redirect examination, plaintiff was asked the following questions:

"Did you employ Mr. Burhans' son as bookkeeper?

"Where was the business transacted,—in what building?

"Where did he [Burhans] keep his office?

"What knowledge did Burhans have, relative to the collection of these claims?

"State whether Burhans talked with you about these claims, and the collection of them, and what parties were owing them during this time.

"When you went out to make collections, state how you were informed of the business,—that is, of the accounts to be collected; where did you go for information as to what you were to do?"

On cross-examination of plaintiff, the following questions were asked:

"Q. What security did Burhans take, if any, from you and Chase, that you would pay this $6,200 and some odd dollars you had assumed to pay?

"A. He didn't take any security, so far as I know.

"Q. Burhans turned these accounts over to you, and didn't have the scratch of the pen that you would carry out your agreement with him, did he?

"A. No, sir; I don't think there was any written contract."

Plaintiff had already testified in his direct examination that certain of the accounts assigned to him had been collected by one Long, one of defendant's agents, before the transfer. On cross-examination he was asked as to his personal knowledge of that fact. He was further asked as to the diligence used in making collections, and as to his information as to the responsibility of certain of the parties indebted upon the assigned accounts. As bearing upon the question of defendant's security, plaintiff stated that it was one of the conditions of the sale that defendant's son should be employed as bookkeeper; that he was so employed, and defendant was in a situation to be advised of the collection of accounts, and the appropriation of the

proceeds to the liquidation of the assumed indebtedness. Plaintiff sought further to show that he obtained his information as to the collections made by Long partly through defendant, and, as bearing upon the means used to make collections, and the diligence exercised, that he acted upon information given and suggestions made by defendant, who was in a situation to advise, and who knew what was being done in that direction.

4. Error is assigned upon the remarks of counsel made during the discussion of the questions relating to the admissibility of certain testimony offered by plaintiff. We find nothing in the statements made which was calculated to prejudice the defendant.

5. The eighth assignment cannot be considered. Objection was made, after answer given, to going into the inquiry. The inquiry on that line ceased, and no motion was made to strike out.

6. A motion was made, after the cross-examination, to strike out all the testimony of a witness "in regard to these accounts about which he testified, because there is no showing that they were the accounts turned out to the firm of Chase & Totten, but, on the contrary, there is evidence that they were not; that some of them were accounts for goods sold by" the witness after the transfer. The transfer to plaintiff was made in the month of February, and witness went into plaintiff's employ early in March. The list of accounts was taken from the books, and giving to him for collection. The witness says that they were "what we called 'back numbers' at that time." He commenced trying to collect "from the first start," as he expresses it. The motion covered all of the accounts in respect to which he testified. If some of them were accounts for goods sold by the witness, the motion ought to have been confined to them. There was evidence that the major portion of them were old accounts.

7. The tenth, eleventh, and twelfth assignments relate to the cross-examination of defendant's witness Chase. The witness had testified as to the manner of selecting the assigned accounts, and that all of the accounts had not been assigned. Plaintiff claimed that he was to have gilt-edged accounts. It was competent, upon cross-examination, to show the amount of the retained accounts, and what had been realized upon them. It was proper also, as bearing upon the credit to be given to the testimony of the witness, to show the relations between the witness and defendant, and the agreements between them respecting the transfer.

8. The plaintiff proceeded upon the theory that defendant had guaranteed the prompt payment of the accounts transferred. The court instructed the jury that, if such was the agreement, plaintiff was entitled to recover such accounts as were not paid promptly, and that in such case plaintiff was not required to test the responsibility of the debtors by proceedings to enforce collection; that if, however, the accounts were simply represented as good and collectible, then the duty of reasonable effort and diligence in the collection of the accounts was assumed by plaintiff, and must be exercised before he could maintain this suit; that if they found that the accounts were good, and could have been collected by the exercise of ordinary diligence and care, their verdict must be for defendant. Defendant insists that the testimony of the defendant was opposed to either theory, and that the charge, as given, excluded from the consideration of the jury defendant's theory,— that no representations whatever had been made. Counsel seem to overlook the fact that nine requests were presented on behalf of defendant, all but two of which were given; that error is not assigned upon the refusal to give the two not given; and that one of the said requests so given was that, if the jury believed the testimony of the defend-

ant, his son, and Chase respecting the transaction, they must find for defendant.

9. The fifteenth assignment relates to language used by counsel for plaintiff in his address to the jury. We are not prepared to say that the facts disclosed by the record would exclude the inferences which counsel thought them susceptible of.

10. The sixteenth assignment is that the court refused to direct a verdict for defendant, and is based upon the denial of a motion made at the close of plaintiff's proofs. Upon the denial of the motion, defendant proceeded to introduce proofs. The exception to the court's ruling was thereby waived. *Denman v. Johnston,* 85 Mich. 387; *Kelso v. Woodruff,* 88 Id. 299.

The judgment is affirmed.

The other Justices concurred.