(8 App. Div. 156)

### KELLY v. COHOES KNITTING CO.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

1. NEGLIGENCE—THROWING GOODS FROM DOOR OF BUILDING.
   Where plaintiff was injured by a box thrown from the door of defendant's mill to a truck on a sidewalk, defendant's liability is not affected by the fact that he had nothing to do with the transportation of goods from its mill door.

2. EVIDENCE—EXPRESSIONS OF SUFFERING.
   Where plaintiff's mother testified that on the night following the accident she was with plaintiff all night, she may testify, in answer to a question as to how plaintiff was affected, that "she [plaintiff] cried; went from one sleep to another; would wake up and cry, and say her head pained her."

3. TRIAL—OBJECTIONS TO EVIDENCE.
   An objection to evidence after it was given is not available on appeal, where no motion was made to strike it out.

Appeal from Albany county court.

Action by Elizabeth Kelly, an infant, by her guardian ad litem, against the Cohoes Knitting Company for personal injuries. From a judgment for $675, entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial on the minutes, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Doyle & Fitts, for appellant.
J. F. Crawford, for respondent.

MERWIN, J. The plaintiff in this case claims to have been injured on the 14th April, 1891, by reason of the negligence of the defendant in throwing from a door of its mill on the northerly side of Ontario street in the city of Cohoes, a case or box of goods onto a truck that was backed up partially across the sidewalk. The plaintiff was then between 10 and 11 years old, and was going home from school between 3 and 4 o'clock in the afternoon. She claims that as she, with other children from the school, passed along the sidewalk, and came to the defendant's building, there was a space of from 18 inches to 2 feet between the end of the tail board of the truck and the side of the building,—sufficient to allow one to pass; that others passed along ahead of her, and that as she started to pass the case of goods suddenly and without warning came from the door above her, hitting her upon the side of the head, and producing the injury complained of. There have been two trials of the case. Upon the first trial there was a recovery by the plaintiff, and an appeal taken by the defendant. In considering that appeal, it was said by the court (84 Hun, 154, 32 N. Y. Supp. 459):

"We are of the opinion that whether defendant's servants were negligent in shoving the box of goods into the street in the manner they did, whether plaintiff was struck and injured by the box, and whether plaintiff's negligence did or did not contribute to the injury, were all questions of fact, which the trial court properly submitted to the jury, and as to which the verdict is conclusive."

It was, however, considered that the trial court erred in its charge and its action upon requests to charge, and upon that ground a new trial was granted. The plaintiff has again recovered a verdict, and the defendant, among other things, claims that the evidence is not sufficient to sustain the findings that the defendant was negligent, and the plaintiff free from negligence. In a general way it is suggested by the appellant that the evidence on these subjects on the last trial is different from what it was on the first. No particulars are specified, except that the plaintiff on the first trial stated that the space between the wagon and the mill was three feet, and that defendant on this trial shows that it had nothing to do with the transportation of the goods from the south door of its mill. The width of the space had reference only to the negligence of plaintiff in attempting to pass. If, as plaintiff now testifies; it was from 18 inches to two feet,—room enough for her to pass,—and others were passing, it should not, so far as the width of space is concerned, be said, as matter of law, that plaintiff was negligent. Nor would the fact that the defendant had nothing to do with the transportation of the goods from its mill door affect its liability for the acts of its employés within the scope of their employment (Cosgrove v. Ogden, 49 N. Y. 255; Mott v. Ice Co., 73 N. Y. 543) upon the defendant's premises.

It is specially argued that there is no evidence except that of the plaintiff herself that the box struck her as it came out of the mill. The evidence of the plaintiff, together with the surrounding circum-

stances, were, I think, sufficient to make that a question of fact. There was evidence tending to show, and from which the jury had, I think, a right to find, that the plaintiff, as she passed along, had no reason to believe that anything would be thrown from the mill without warning. No sufficient reason is, I think, apparent for us to disturb the verdict on the questions of negligence and contributory negligence.

The mother of the plaintiff was called as a witness on her behalf, and, among other things, testified that on the night following the accident she was up and down with her daughter all the night, and she was then asked the question, "How was she affected?" to which the witness replied, "She cried; went from one sleep to another; would wake up and cry, and say her head pained her." The defendant then objected to what the girl said as incompetent, and no part of the res gestæ, and moved to strike it out. The motion was denied, erroneously as the defendant claims. Exclamations which are the natural concomitants and manifestations of pain and suffering are admissible in evidence. Hagenlocher v. Railroad Co., 99 N. Y. 136, 1 N. E. 536; Kennedy v. Railroad Co, 130 N. Y. 654, 656, 29 N. E. 141; Roche v. Railroad Co., 105 N. Y. 297, 11 N. E. 630. In Lewke v. Railroad Co., 46 Hun, 283, this rule was deemed applicable to a case where complaints and statements of pain were made shortly after the accident. In the present case it is apparent from the evidence given on the part of the defendant that the girl received a severe wound, was carried to the office of a physician, where the wound was dressed, and the cut sewed up, and then she was carried home. The statements complained of would not add much to what would be naturally inferred from this undisputed evidence. The denial of the court to strike out what the girl said does not, I think, present any good ground for reversal. The same witness testified that the girl complained of having a headache quite often. This was objected to after it was given, but no motion was made to strike it out. The objection is not available. Link v. Sheldon, 136 N. Y. 1, 32 N. E. 696.

Error is also claimed in allowing Mrs. Kelly to testify that Mr. Simmons, the driver of the wagon, told her the night after the accident that he was at the head of the horses when the box came out of the mill. He had previously testified upon his direct examination as a witness for the defendant that he stayed in the wagon until the fourth box, being the one in question, was tipped over far enough outside of the mill to hit the last box in position in the wagon, and that after that he got down, and went to the head of the horses, and drew them out, so as to admit of the fourth box falling down into position. Upon his cross-examination he was asked if he had not stated to Mrs. Kelly that he was at the head of the horses when the box came out of the mill, and he replied that he had no recollection of saying so. The evidence complained of was, in one view, contradictory of the evidence given by Simmons on the direct, and was, therefore, competent by way of contradiction, and evidently it was so offered. The fact that Simmons did not deny that he said so, but only said that he did not recollect so saying, would not prevent the proof being given that he in fact did say as claimed. Weeks v.

Fox, 3 Thomp. & C. 354, 357; Palmeri v. Railway Co. (Sup.) 14 N. Y. Supp. 468.

Error is claimed in the action of the court in regard to some of the requests. A large number were presented, and, taking the answers thereto, in connection with the charge proper, the defendant has no good ground for complaint. Its rights were fully protected. It does not seem necessary to consider the requests in detail.

The defendant claims the damages are excessive. We, however, do not see any fair basis for this court to interfere on that subject.

Judgment and order affirmed, with costs. All concur.