Martha A. Case, Appellant, *v.* Delaware, Lackawanna & Western Railroad Company.

*Negligence—Railroads—Passenger.*

In an action against a railroad company by a passenger, a woman, to recover damages for personal injuries, it appeared that plaintiff applied at a ticket office on a railroad connecting with the defendant's for a ticket to a point on defendant's road. She was informed that she could be furnished with a ticket only to a station twelve miles beyond her destination. She accepted this ticket, and when she arrived at defendant's road she took a local train, which did not go as far as the point of her destination, and the conductor punched her ticket. From this point she took another train that stopped at the station of her destination. She informed the conductor where she wanted to get off, and he told her that he would let her off, and that he would also put off her trunk which had been checked to the station named on the ticket. The conductor made no objection to the fact that the ticket had already been punched on his division. When the train approached the station of her destination plaintiff watched for the station, but no signal was given, and she was not aware that the train had stopped at the station until it was moving away. She then reminded the conductor who stopped the train and assisted her off the car in the dark, and pointed to the light at the station some distance off. Notwithstanding plaintiff's protest that she was unable to go further, the conductor left her

and the train moved away. In going towards the station she fell twice and sustained the injuries for which suit was brought. *Held*, that the questions of the negligence of defendant and the contributory negligence of plaintiff were for the jury, and it was error for the trial court to give binding instructions for defendant.

Argued April 12, 1899. Appeal, No. 136, Jan. T., 1899, by plaintiff, from judgment of C. P. Columbia Co., Feb. T., 1895, No. 56, on verdict for defendant. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries alleged to have been negligently caused by defendant. Before HERRING, P. J.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* among others was above instructions.

*H. M. Hinckley* and *Charles G. Barkley*, for appellants.— Every person being carried with the express or implied consent of the carrier, upon public conveyance usually employed in the carriage of passengers, is presumed to be lawfully upon it as passenger: Hutchinson on Carriers (2d ed.), sec. 554; Bricker v. P. & R. R. R. Co., 132 Pa. 1; Lake Shore & Michigan Southern Ry. Co. v. Rosenzweig, 113 Pa. 539; Auerbach v. N. Y. C. & H. R. R. R. Co., 89 N. Y. 281.

A railroad company should have its stations plainly announced a sufficient time before reaching the depot to enable passengers to prepare for departure from the train, with their personal baggage, without the haste that involves them in peril: Ray on Neg. of Imposed Duties, sec. 47; 2 Harris on Damages by Corp. sec. 610; Louisville, N. O. & T. Ry. Co. v. Mask, 2 So. Rep. 360; Pass. Ry. Co. v. Stutler, 54 Pa. 378.

A carrier is liable for injuries sustained by a passenger in consequence of directing her to alight on a dark night, at a distance from the station: Ray on Neg. of Imposed Duties, sec. 49; Beach on Contributory Neg. (2d ed.) sec. 162; Neslie v. Pass. Ry. Co., 113 Pa. 303; Hartzig v. Lehigh Valley R. R. Co., 154 Pa. 364.

Passengers alighting from trains at the direction of the conductor are justified in assuming the place to be safe, and only

under exceptional circumstances will their alighting be contrib-
utory negligence: Watkins v. R. & A. Air Line R. R. Co.,
116 N. C. 961; Penna. R. Co. v. Lyons, 129 Pa. 120.

Mrs. Case had a right to rely on the care and judgment of
the defendant's employees in charge of the train, who knew all
about the place where they stopped to alight her: St. L., I. M.
& S. R. R. Co. v. Cantrell, 37 Ark. 519; Beach on Contributory
Neg. (2d ed.) sec. 148; Foss v. Boston & M. R. R. Co., 21
Atl. Rep. 222; A., T. & S. F. R. R. Co. v. Hughes, 40 Pac. Rep.
919; Evansville & T. H. R. R. Co. v. Athon, 33 N. E. Rep.
469.

The case was for the jury: Bucher v. N. Y. C. & H. R. R.
R. Co., 98 N. Y. 128; Baltimore & Ohio R. R. Co. v. Meyers,
62 Fed. Rep. 367; Kohler v. R. R. Co., 135 Pa. 357; Forker
v. Sandy Lake Borough, 130 Pa. 123; Gates v. Penna. R. Co.,
154 Pa. 566; R. R. Co. v. Werner, 89 Pa. 64; Philpott v. R. R.
Co., 175 Pa. 570; Davidson v. Ry. Co., 171 Pa. 526; Penna.
R. Co. v. Coon, 111 Pa. 430; McCully v. Clarke & Thaw, 40
Pa. 406; Penna. R. Co. v. Peters, 116 Pa. 215; Clayton v.
Traction Co., 3 Pa. Superior Ct. 107; Bruenninger v. Penna.
R. Co., 43 W. N. C. 523.

*Everett Warren,* of *Willard, Warren & Knapp,* with him
*George E. Elwell* and *Ikeler & Ikeler,* for appellee.—The de-
fendant was not negligent: R. R. Co. v. McClurg, 56 Pa. 294;
Drake v. Penna. R. Co., 137 Pa. 352; Pittsburg, etc., Ry. Co.
v. Nuzum, 50 Ind. 141; Logan v. R. R. Co., 77 Mo. 663; John-
son v. R. R. Co., 63 Md. 106; Applewhite v. Ry. Co., 52 Ind.
540; Penna. R. Co. v. Wentz, 37 Ohio, 333; Michigan Cent.
R. R. Co. v. Coleman, 28 Mich. 440; Dietrich v. R. R. Co., 71 Pa.
432; Ry. Co. v. Clark, 72 Pa. 231; Sevier v. Vicksburg, etc.,
R. R. Co., 61 Miss. 8; Kellett v. Chicago, etc., R. R. Co., 22
Mo. App. 356.

The alleged negligence was not the proximate cause of the
injury: Benson v. R. R. Co., 98 Cal. 45; Chicago, Rock Island,
etc., R. R. Co. v. Dingman, 1 Ill. App. 162; Ry. Co. v. Head,
4 Tex. Ct. of App. Civ. Cases, sec. 209; Hoag v. R. R. Co.,
85 Pa. 293; Fairbanks v. Kerr & Smith, 70 Pa. 86; Bunting
v. Hogsett, 139 Pa. 363; Ins. Co. v. Tweed, 7 Wallace, 44.

The plaintiff, Martha A. Case, was guilty of carelessness,

and is alone responsible for whatever injuries she sustained: Stager v. Ry. Co., 119 Pa. 74; R. R. Co. v. Enches, 127 Pa. 316; Deery v. R. R. Co., 163 Pa. 403; R. R. Co. v. Zebe, 33 Pa. 318; R. R. Co. v. Langdon, 92 Pa. 21; Ham v. Canal Co., 155 Pa. 548; Mead v. Conroe, 113 Pa. 220; Bank v. Tinker, 158 Pa. 17; Yingst v. Ry. Co., 167 Pa. 438; Barnes v. Sowden, 119 Pa. 53; Sturgis v. Detroit, Grand Haven, etc., Ry. Co., 72 Mich. 619; R. R. Co. v. Aspell, 23 Pa. 147; Graham v. R. R. Co., 139 Pa. 149; Siner v. Ry. Co., L. R. 4 Exch. Cases, 117; Cincinnati, Wabash, etc., R. R. Co. v. Peters, 80 Ind. 168; Mackey v. N. Y. Cent. R. R. Co., 27 Barb. 528; Dewald v. Kansas City, etc., R. R. Co., 44 Kan. 586; Penna. R. Co. v. Spicker, 105 Pa. 142; Vankirk v. Penna. R. Co., 76 Pa. 66; Auerbach v. N. Y. C. & H. R. R. R. Co., 89 N. Y. 281; Pass. Ry. Co. v. Stutler, 54 Pa. 375; Neslie v. Pass. Ry. Co., 113 Pa. 300; Johnson v. West Chester, etc., R. R. Co., 70 Pa. 357; Sweeny v. Old Colony, etc., R. R. Co., 10 Allen, 368; Hickey v. Boston, etc., R. R. Co., 14 Allen, 429; Hulbert v. N. Y. Cent. R. R. Co., 40 N. Y. 145; St. Louis, I. M. & S. R. R. Co. v. Cantrell, 37 Ark. 519.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 15, 1899:

This action, brought by the plaintiff in her own right to recover damages for personal injuries negligently caused by the defendant company, was consolidated with a similar action brought by her husband, and both were tried together under the provisions of the act of May 8, 1895. At the close of the trial, the case was withdrawn from the jury and a verdict directed for defendant in the following brief charge:

" We will affirm the first point of the defendant which makes it unnecessary to dispose of the rest. All the points of the plaintiff, involving the submission of the case to the jury, are, of course, denied or disaffirmed for that reason. Take the verdict of the jury in favor of the defendant."

The point thus referred to by the court below is: " Upon the whole case, the verdict must be for the defendant."

Passing, for the present at least, the specifications complaining of the court's action in refusing to continue the cause, and afterwards refusing to withdraw a juror, etc., the instruction above quoted was wholly unwarranted, unless there was no evi-

dence tending to prove that defendant company was guilty of negligence which was the proximate cause of plaintiff's injury, or unless it was admitted or proved by undisputed evidence that plaintiff herself was guilty of negligence which contributed to her injury. A careful consideration of the record discloses nothing to justify the court below in concluding, as matter of law, either that there was no evidence to go to the jury on the question of defendant's negligence, or that, as a matter of undisputed fact, the plaintiff herself was guilty of contributory negligence. On the contrary, there was an abundance of evidence tending to prove that defendant company's negligence was the proximate cause of the injury complained of, evidence which, if believed by the jury, would have warranted them in rendering a verdict in plaintiff's favor; but there was also some rebutting testimony on the same subject; so that the question of defendant's negligence was clearly and necessarily for the exclusive consideration of the jury. As to the question of contributory negligence, the testimony was also conflicting, and therefore for the jury and not for the court. As presented by the evidence sent up with the record, we are satisfied that the case should have been submitted to the jury with proper instructions as to the law applicable to the facts which it tended to prove.

It is not our purpose, nor is it necessary, to review the evidence at length, but it will not be amiss to refer to some of the facts upon which plaintiff relied. On her behalf, it was shown in substance that on August 27, 1894, she applied to the ticket agent at Hillsdale on the line of the Lake Shore and Michigan Southern Railroad for a ticket, via that road and the defendant company's road, to Berwick, Pennsylvania. Being informed by him that he could not give her a ticket to Berwick but could sell her one to Bloomsburg, Pa., about twelve miles beyond, she purchased the latter, and had her trunk checked to Bloomsburg, to correspond with her ticket. Having arrived at Buffalo, N. Y., same night, after waiting some time for next connecting train over defendant company's road, she resumed her journey and arrived at Scranton, Pa., about half past three o'clock P. M. on August 28. She then took next train (a local train not running as far as Berwick) by which she was carried to Kingston.

Remaining at Kingston depot until 6:55 o'clock P. M. she

took a seat in the rear car of the next train for Berwick, her destination. On the train from Scranton to Kingston her ticket was accepted by the conductor who punched and returned it to her. After leaving Kingston, the conductor of that train took her ticket, looked at it, saw it had been previously punched on his division of the road, punched it and handed it back to her. At that time, she informed him that, while her ticket called for Bloomsburg she wished to get off at Berwick and requested him to have her trunk set off there. Shortly thereafter, he returned, took up her ticket and asked her for her trunk check.

To this latter request she at first objected on the ground that she would then have nothing to show for the trunk, but upon his assuring her that the ticket and the check must both go to the same destination she gave him the check, with the understanding that both she and her trunk would be set off at Berwick. During these interviews between her and Mr. Hoy, the conductor, not a single intimation was given that her ticket was not good for passage to Berwick, but she was given to understand when her ticket was taken up that her right of passage would terminate at Berwick. Indeed the conductor frankly admitted that he recognized her right as a passenger on his train from Kingston to Berwick.

The plaintiff testified in substance that after having arranged with the conductor for having her trunk set off and put in charge of the agent at Berwick station, etc., and when she supposed she was nearing her destination, she was watching for the station, but it was not announced, and she was not aware it had been reached until the train was moving away. She immediately sought the conductor and told him that no announcement of "Berwick" had been made on her car. Without any request from her, he stopped the train, and in her own language (App. 49): "He opened the door and went out on the platform, and I says, 'This need not have been, the station was not called.' He ran down the steps ahead of me, lifted the lantern to throw light on the steps for me to come down, and helped me off the car. When I got down off the car, I said, 'Well, I don't know where I am or where to go.' He says, 'I will show you,' and lighted me around the end of the car, and pointed to a light and says, 'You see that light yonder?' I said, 'Yes.' 'Well, go for that light, that is the depot,' and I says, 'There is no need

of this, I don't feel as if I was able to go any further,' and he turned and went back to the car. . . . I stood there a few minutes and then started to walk towards the depot." What then happened is described, in plaintiff's own words, thus : "I started to walk towards the light, towards the depot, and walked a short distance when I got tangled into something, stepping over something, it seemed like bars or something, and my foot slipped between something and I got a fall right over forward. . . . I got up and tried to walk as I found I was lame and badly hurt, but I started on towards, as fast as I could, towards the depot, when I came in sight of the platform, I suppose it was a board walk, it did not look elevated to me, it occurred to me there might a train come and I thought I would get off the railroad . . . . I attempted to get from the railroad to the platform, and in some way, I cannot tell quite how, I stumbled and fell, striking my stomach across the platform, and when I came to, Mr. Dickson, the ticket agent, had raised me up and said to me, ' Are you hurt?' " She further testified, " I did not see the platform clearly for the light blinded me."

As to what occurred after the train arrived at Berwick, started therefrom and stopped again some distance below the southern end of the station platform, etc., witnesses in corroboration of plaintiff's testimony were called. One of them (Mr. Rhodes) testified that immediately after the conductor helped plaintiff off the train he asked him, " What was the matter? " and his reply was : " That lady was not well; she had a ticket for Bloomsburg, and was to be left off at Berwick . . . . and that he had forgot it." On the other hand some rebutting testimony was introduced by the defendant.

We have thus referred,—perhaps at unnecessary length,—to some of the salient facts which the evidence tended to establish, for the purpose of showing that if there ever was a case involving disputed questions of fact et cetera and therefore exclusively for the consideration of the jury this is certainly one of that class.

The duties of common carriers of passengers, under circumstances such as the evidence in this case tends to establish, are too plain to require either comment or citation of authorities. If the failure of the defendant to perform its duty to the plaintiff as a passenger, was the proximate cause of the undoubtedly

serious injury which she sustained in attempting to reach the station platform, she is entitled to recover adequate compensation in damages, unless she was guilty of negligence which contributed to her injuries.

As to the defendant's contention, that it owed no duty to the plaintiff as a passenger, because she had forfeited her right to use her ticket on any train from Kingston to Berwick cannot be sustained. Aside from the incompetency and insufficiency of the evidence relied on to prove forfeiture of her right to use the ticket for passage on the train that carried her to Berwick, the undisputed evidence is that the conductor of that train recognized her as a passenger, received her ticket, treated it as valid, and took it up as such before his train arrived at Berwick. These acts of the company's conductor, in charge of its train, were each, pro hac, the acts of the company itself. No reputable carrier of passengers should attempt to repudiate the act of its own agent for the purpose of impaling one of its patrons on such a sharp point as is presented here,—especially in circumstances such as the evidence in this case discloses.

In view of the fact that this case must go back for a new trial, it is unnecessary to consider the specifications of error relating to the refusal of the court below to continue the case and to withdraw a juror. As to the remaining specifications, so far as they are in accord with the views herein expressed, they are sustained, and in so far as they are not in accord therewith they are dismissed.

Judgment reversed and a venire facias de novo awarded.