## SMITH v. CHICAGO, M. & ST. P. RY. CO.

A complaint in an action for personal injuries which sets out the nature and extent of the injuries and which avers that plaintiff was thereby permanently injured and ever since has been unable to attend

to the performance of his usual business, is sufficient to authorize the admission of evidence that he received the injury in the spring of the year, and that as a result thereof he was rendered unable to attend to his land and other business, the latter of which could be followed only during the spring and early summer months.

The error, if any, in admitting evidence to establish the amount of work lost in consequence of a personal injury is cured by a charge confining the jury to the value of plaintiff's time, if he had not been disabled.

An improper question asked a witness must be objected to before answer.

A party objecting to an answer because not responsive to a proper question asked the witness must move to strike out the answer.

(Opinion filed December 6, 1910.)

Appeal from Circuit Court, Edmunds County. Hon. J. H. BOTTUM, Judge.

Action by Charles S. Smith against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*John H. Perry* and *Elliott & Stillwill,* for appellant. *James W. McCarter,* for respondent.

WHITING, P. J. This action was brought by the plaintiff to recover damages, which he claimed to have suffered owing to an injury received while riding on defendant's train; it being claimed that such injury was the result of negligence on the part of defendant. Verdict and judgment being for the plaintiff and a new trial being denied, the defendant has appealed to this court from such judgment and order.

Upon this appeal the negligence of appellant resulting in injury to respondent stands conceded; the only matter assigned as error being: "The admission by the court, over the objections of defendant and appellant, of the evidence of the special occupation and special value of plaintiff's services during this particular season of the year." The evidence showed that the injury was received in the spring, and that as a result thereof respondent was disabled and rendered unable to attend to land business and to the castration of colts, he testifying that he was accustomed to follow both of such callings; the one of castrating colts being followed only during the spring and early summer months.

The appellant assigns as error the receiving of any evidence in relation to what respondent might have earned at castrating colts; appellant contending that this was in the nature of a special occupation that could not be proven without the complaint contained special allegations relating thereto. The complaint, after setting out the nature and extent of the injury, in pleading the damages resulting therefrom, so far as such damages were based upon loss of time, alleged: "That plaintiff was thereby permanently injured, and is now, and ever since said injury has been, wholly unable to attend to the transaction and performance of his usual and necessary business." We call attention to the fact that appellant does not claim that the evidence complained of was inadmissible, for the reason that there was no allegation as to the nature of "his usual and necessary business." Appellant concedes that the complaint is sufficient to allow proof as to what were the usual and ordinary vocations of respondent, and that there was no error in allowing proof that respondent was a veterinary surgeon and a land man, and, in a general way, of his earnings in such vocations. We do not want to be understood as agreeing with the proposition so conceded, or as in any manner intimating any views thereon, but, for the purpose of this appeal, such concession binds appellant.

Appellant, however, contends that, while such complaint was sufficient to apprise it of respondent's ordinary occupations, it was in no manner notified of this "special employment [castrating colts] which he is accustomed to follow only at a particcular season"; it being the claim of appellant that this "special employment" was work ordinarily performed by farmers and stockraisers generally, and is not necessarily confined to veterinary surgeons. No proof of this fact was offered by appellant, and, if this court could take judicial notice that farmers and stockraisers perform this particular surgical operation, it would, at the same time, take judicial notice that it is also within the professional work of veterinarians to perform such operations. While it is true that many a good woman, endowed with wisdom bought of her own and others' experience, are wont to be called to aid their sisters

as midwives, yet we do not think a professional nurse, if suing for damages resulting from loss of time caused by an injury received, would have to plead specially the fact that, as nurse, she was wont to attend upon cases of childbirth, in order that she might offer proof of loss of that class of work.

Appellant, moreover, contends that the evidence received as to amount of such work lost was improper. The error, if any, was cured by the court taking from the jury all question of anticipated profits based upon the number of operations lost, and confining the jury simply to what was the value of respondent's time if he had not been disabled.

Appellant complains because respondent was allowed to testify as to how much he could have earned working for others in the land business, thus allowing the jury to consider the same in fixing the value of respondent's lost time. Conceding that what respondent could earn working for another was not the correct basis upon which the jury should found its verdict, under the pleadings and the evidence in the case, yet we find that the question asked respondent was: "How much a month was your earning capacity?" This question was not objected to. Respondent answered: "I could earn $100 a month when I worked for any one else." No motion was made to strike the answer out as not responsive, neither was the court asked to instruct the jury to disregard such evidence; the appellant, after the answer, objected thereto. If the question was improper, it should have been objected to before answer. If the answer was not responsive, appellant should have moved to strike same from the record.

The judgment and order appealed from are affirmed.