## ST. LOUIS & S. F. R. CO. v. DAVIS.

No. 2689. Opinion Filed May 6, 1913.

(132 Pac. 337.)

1. APPEAL AND ERROR—Objection Below—Necessity—Examination of Witnesses. Though a question propounded to a witness be objectionable, opposing counsel cannot complain of the prejudicial effect thereof, where no objection was made until after the answer was given, and where no request was made to exclude the testimony from the consideration of the jury.

2. TRIAL—Instructions—Amended Pleading—Cure of Error. Where an instruction is authorized by evidence which is introduced without objection, though not within the allegations of the original petition, and where an amended petition, including the omitted allegations with reference to which evidence is so received, is filed at the close of the trial and before final sub-

mission to the jury, no error is committed on account of the giving of such instruction.

3. APPEAL AND ERROR—Record—Conclusive Effect. Counsel for plaintiff in error who prepare and cause to be served a case-made for appeal and who certify that it 'is a' true, correct, and complete transcript of the record, including pleadings filed, will not be permitted on appeal to urge that an amended petition purporting to have been filed was filed without their knowledge and without leave of court.

4. CARRIERS—Discharge of Passengers—Duty of Carrier. Section 1379, Comp. Laws 1909, makes it the duty of a railroad company to discharge passengers at the regularly appointed place, and provides that for a refusal or neglect so to do it shall be liable to the party aggrieved for all damages sustained.

5. SAME. It is the further duty of a railroad company to stop its trains at appointed places a sufficient length of time to afford passengers traveling thereon an opportunity, by the use of ordinary care and diligence, to alight therefrom while the train remains stationary.

6. SAME—Carrying Passengers Beyond Destination—Liability of Carrier. A railroad company is liable for the natural and proximate damages resulting from negligently or wrongfully carrying a passenger beyond the point of destination called for by her ticket.

7. SAME—Negligence—Carrying Passengers Beyond Destination— Elements of Damage. Illness and impaired health contracted from exposure and exertion, sustained by a female passenger compelled to walk back to the station, past which she was wrongfully carried, where the proximate consequence of the wrongful act, are proper elements of damage.

8. NEGLIGENCE—Promixate Cause—Question for Jury. The proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a question of fact, in view of the circumstances of fact attending it.

9. APPEAL AND ERROR—Damage—Excessive Recovery. Appellate courts should sparingly exercise the power of granting new trials on the ground of excessive damages, and only when it appears that the verdict is so excessive as per se to indicate passion or prejudice.

10. CARRIERS—Personal Injuries—Excessive Recovery. Under the rule announced in the preceding paragraph, under the testimony, a verdict of $500 held not excessive.

(Syllabus by Sharp, C.)

Action by M. E. Davis against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

*W. F. Evans, R. A. Kleinschmidt,* and *J. H. Grant,* for plaintiff in error.

*Champion & Champion (A. C. Cruce,* of counsel), for defendant in error.

Opinion · by SHARP, C.  There being evidence reasonably tending to support the allegations of the amended petition, both as to the defendant company's negligence and the consequent injury sustained, it was not error for the court to overrule the defendant's demurrer to the plaintiff's evidence.  For the same reason it was not error for the court to refuse to peremptorily instruct the jury to return a verdict for the defendant company.

It is urged that the court erred in permitting the plaintiff to answer certain questions propounded to her by counsel.  The questions, answers thereto, objections, and rulings of the court thereon, are as follows:

"Q. You are a widow woman?  A. Yes, sir.  Q. How many children have you?  A. Four children.  Q. Girls or boys? A. Girls.  Q. Small?  A. Yes, sir.  Q. Do you own any land or have any means to take care of them?  Mr. Grant: Objected to as incompetent, irrelevant, and immaterial.  The Court: It is immaterial.  Mr. Champion: I want to show she has got no way of making a living except by her own work. The Court: Ask her that question directly.  Q. Have you got any means of making support for yourself and little children except by your own labor?  A. I have not; no, sir.  Mr. Grant: Object to that as incompetent, irrelevant, immaterial, and leading.  The Court: It is leading; at the same time, I will permit it.  (To the ruling and action of the court defendant excepted.)"

It will be noted that no objection was made to the first three questions; the fourth question was not answered; the last question was answered before any objection to the question was made; and it does not appear that sufficient opportunity was not given counsel to object before the question was answered by the witness.  It is a very general rule in the trial of cases that where evidence is introduced to which no objection is made, and where no motion is made to strike it out, acquiescence in its

introduction will be presumed. *Chouteau v. Jupiter Iron Works,* 94 Mo. 388, 7 S. W. 467; *Thompson v. Odum,* 31 Ala. 108, 68 Am. Dec. 159; *Kehoe v. Hanley,* 95 Ga. 321, 22 S. E. 539; *Smith v. Dawley,* 92 Iowa, 312, 60 N. W. 625; *Corcoran v. Detroit,* 95 Mich. 84, 54 N. W. 692; *Totten v. Burhans,* 103 Mich. 6, 6 N. W. 58; *Fath v. Thompson,* 58 N. J. Law, 180, 33 Atl. 391; *Collins v. Cook,* 40 Tex. 238. And unless a motion to strike out the answer is made, an objection after the admission is not available on appeal. *Link v. Sheldon et al.,* 136 N. Y. 1, 32 N. E. 696; *Hangen v. Hachemister,* 114 N. Y. 566, 21 N. E. 1046, 5 L. R. A. 137, 11 Am. St. Rep. 691; *Wilson v. Boasberg,* 1 Misc. Rep. 436, 21 N. Y. Supp. 915; *Kelly v. Cohoes Knitting Co.,* 8 App. Div. 156, 40 N. Y. Supp. 477; *Sternwald v. Siegel,* 7 Misc. Rep. 70, 27 N. Y. Supp. 375; *Smith v. Chicago, M. & St. P. Ry. Co.,* 26 S. D. 555, 128 N. W. 815; *Hollenbeck v. Missouri Pacific Ry. Co.,* 141 Mo. 97, 38 S. W. 723; *Totten v. Burhans,* 103 Mich. 6, 6 N. W. 58; Thompson on Trials, sec. 716. No objection having been made to the question until after it was answered by the witness, and no motion to strike out the answer or to exclude it from the consideration of the jury having been made by counsel, no error on account thereof is presented for our consideration.

The objection to instruction No. 5 cannot be sustained. Notwithstanding the allegations of plaintiff's original petition that the train on which the plaintiff was a passenger failed to stop at Durwood, yet it is obvious the case was tried upon the theory that it did not stop at Durwood a sufficient length of time to allow plaintiff to alight; in fact, no objection to the evidence on this point was offered by defendant. At the conclusion of the testimony the plaintiff filed an amended petition, in which it was specially charged that the train did not stop at Durwood station a sufficient length of time to allow plaintiff to disembark therefrom. The case having been tried upon that issue, without objection to the evidence offered in support thereof, an objection to an instruction authorized by the evidence is not well taken.

Nor can weight be given to the objection urged in the brief of counsel for plaintiff in error that they had no knowledge an amended petition was filed. This amended petition is contained in the case-made served by counsel for plaintiff in error upon counsel for defendant in error, and contains the certificate of both counsel as a true, correct, and complete transcript of all the pleadings, motions, findings, evidence, verdict, judgment, and all proceedings in said case. Had an attempt been made to bring the amended petition into the case-made by amendment suggested by counsel for defendant in error, the question of leave to file said amended petition, having first been obtained, would have been one for the court below to have determined; but, being contained in the transcript served by plaintiff in error's counsel, no advantage can here be taken that it does not speak the truth.

It is next urged that the court erred in refusing to submit to the jury defendant's requested instructions numbered 4 and 5. In the instructions given the court charged that if the jury found defendant was negligent in not affording plaintiff a sufficient opportunity to alight from the train at Durwood station and she was carried a distance beyond said station and compelled to walk back to the station, and thereby suffered the injuries complained of, as the result of said negligence on the part of the defendant company, and if such negligence was the direct and proximate cause of her injuries, if any, then plaintiff would be entitled to recover. It is provided by statute, in case of neglect or refusal of a railroad company or its agents to discharge passengers at the regularly appointed place, such railroad company shall pay to the party aggrieved all damages which shall be sustained thereby with cost of action. Comp. Laws 1909, sec 1379. Thus it is made a statutory duty of the carrier, independent of the transportation contract, to afford a reasonable opportunity for the passenger to alight at his point of destination, and, when there is a violation of the statute, the offending carrier shall respond in damages. *Choctaw, O. & G. R. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271; *St. Louis & S. F. R. Co.*

*v. Cox,* 26 Okla. 331, 109 Pac. 511; *Ft. Smith & Western Ry. Co. v. Ford,* 34 Okla. 575, 126 Pac. 745, 41 L. R. A. (N. S.) 745; *Barringer v. St. Louis, I. M. & S. Ry. Co.,* 73 Ark. 548. 85 S. W. 94; *Southern Ry. Co. v. Hobbs,* 118 Ga. 227.; 45 S. E. 23, 63 L. R. A. 68; *Midland Valley R. Co. v. Page* (C. C.) 182 Fed. 125; Elliott on Railroads, sec. 1628. The action, therefore, is not based alone on the contract of carriage, but for the violation of a statutory duty, which is in its nature essentially a tort.

What, then, is the meaning of the statute authorizing a recovery by the party aggrieved of all damages sustained on account of the carrier's neglect of duty? The general rule is that the carrier is liable for the natural and proximate damages resulting from negligently or wrongfully carrying a passenger beyond his destination. *East Tenn., V. & G. R. Co. v. Lockhart,* 79 Ala. 315; *Cincinnati, H. & I. R. Co. v. Eaton,* 94 Ind. 474, 48 Am. Rep. 179; *Dorsey v. Central R. Co.,* 113 Ga. 564, 38 S. E. 958; *Southern Railway Co. v. Hobbs,* 118 Ga. 227, 45 S. E. 23, 63 L. R. A. 68.

The question, what is the proximate cause of an injury, is ordinarily a question for the jury; but the burden is always on the plaintiff, in an action for personal injuries, to show that the negligence charged was the proximate cause of the injury. In *Milwaukee & St. P. Ry. Co. v. Kellogg,* 94 U. S. 475, 24 L. Ed. 256, in this connection it was said:

"The true rule is that what is the proximate cause of an injury is ordinarily a question for the jury. It is not a question of science or of legal knowledge. It is to be determined as a fact, in view of the circumstances of fact attending it."

*Brown v. Chicago, M. & St. P. Ry. Co.,* 54 Wis. 342, 11 N. W. 356, 911, 41 Am. Rep. 41; *Kreuziger v. Chicago & N. W. Ry. Co.,* 73 Wis. 158, 40 N. W. 657; *Haverly v. State Line & S. R. Co.,* 135 Pa. 50, 19 Atl. 1013, 20 Am. St. Rep. 849; *Fent v. Toledo, etc., Ry. Co.,* 59 Ill. 349, 14 Am. Rep. 13; *Webb v. Rome, W. & O. R. Co.,* 49 N. Y. 420; 10 Am. Rep. 389; *Cole v. German Savings & Loan Society,* 59 C. C. A. 593, 124 Fed. 113, 63 L. R. A. 416; *East Tenn., V. & G. R. Co. v. Lockhart,*

79 Ala. 315; *Winkler v. St. L., I. M. & S. R. Co.,* 21 Mo. App. 99; *Rawlings v. Wabash R. Co.,* 97 Mo. App. 511, 71 S W. 535; *Georgia Ry. & E. Co. v. McAllister,* 126 Ga. 447, 54 S. E. 957, 7 L. R. A. (N.. S.) 1177; *Houston & T. C. Ry. Co. v. McKenzie* (Tex. Civ. App.) 41 S. W. 831; *Larson v. Minneapolis & St. L. R. Co.,* 85 Minn. 387, 88 N. W. 994; Thompson on Negligence, p. 1286; Shearman & Redfield on Negligence, sec. 55.

That plaintiff was not afforded a reasonable opportunity in which to alight from the train at Durwood finds support in the testimony of several witnesses, and, while the testimony is conflicting upon that issue, we are concluded by the verdict of the jury. The train stopped at a junction point one mile beyond the station, where plaintiff and the witness Gilbreath got off the train. This was about three o'clock in the afternoon on January 28th. There was a raw, chilling wind blowing from the west, which plaintiff was compelled to face on her return walk to the station. There was no habitation at or near the junction, and no accessible means of conveyance. Plaintiff had two large bundles containing shoes and dry goods purchased by her while at Ardmore, each weighing from ten to fifteen pounds. It was shown that plaintiff was a delicate woman, and that the railway track along which she walked was rough, such it was said "as railroads usually are." Plaintiff was accompanied on her return by Mr. Gilbreath, who carried one of the bundles for her. She lived about a mile from the station, and had walked from her home to the station that morning, and, as we gather from the record, walked from the station to her home on her return in the evening. It was claimed by the plaintiff that it was very warm in the car in which she was riding, and that as a result of her walk she contracted a bad cough and a severe cold, and was partially incapacitated for a time from performing her household duties. This testimony was not denied. Where sickness is the natural, direct, and immediate consequence of the wrongful act of a railway company in carrying a passenger past the point of destination, it is a proper element of damages. *East Tenn., V. & G. R. Co. v. Lockhart,* 79 Ala. 315; *L. & N. Rail-*

road *Co. v. Dancy,* 97 Ala. 338, 11 South, 796; *Case v. Delaware, L. & W. Ry. Co.,* 191 Pa. 450, 43 Atl. 319; *Brown v. Chicago, M. & St. P. Ry. Co.,* 54 Wis. 342, 11 N. W. 356, 911, 41 Am. Rep. 41.

When plaintiff got off the train at the first opportunity, no alternative was left her but to get back to the station on foot. To this course she was constrained by the defendant's neglect of duty. That duty attended her, however, and every step taken by her in her effort to reach the station. That plaintiff, when wrongfully carried by the station, would seek to return thereto with ordinary care and caution by the most practical route, was to be expected, and ought to have been foreseen by defendant's employees. It does not appear that defendant company could not have backed its train up to the station as requested by plaintiff. The kind of weather, the lack of means of return transportation or conveyance, were facts known to the carrier's employees, and if there was danger of illness or other misfortune from exposure and exertion rendered necessary by the carrier's culpable acts, it ought to have been foreseen by defendant's employees; and if such illness in fact followed, such injury was the proximate, because the natural, although not the necessary or inevitable, result of the defendant's negligence, and for it the defendant ought to be held responsible. *Adams v. Missouri Pacific Ry. Co.,* 100 Mo. 555, 12 S. W. 637, 13 S. W. 509; *Winkler v. St. Louis, I. M. & S. Ry. Co.,* 21 Mo. App. 99; *Kentucky & Ind. Bridge & Railway Co. v. Buckler,* 125 Ky. 24, 100 S. W. 328, 30 Ky. Law Rep. 1086, 8 L. R. A. (N. S.) 555, 128 Am. St. Rep. 234; *Dawson v. Louisville & N. R. Co.,* 4 Ky. Law Rep. 801; *Kentucky Central Ry. Co. v. Biddle,* 34 S. W. 904, 17 Ky. Law Rep. 1363; *New York, C. & S. L. Ry. Co. v. Doane,* 115 Ind. 435, 17 N. E. 913, 1 L. R. A. 157, 7 Am. St. Rep. 451; *Cincinnati, H. & I. R. Co. v. Eaton,* 94 Ind. 474, 48 Am. Rep. 179; *Case v. Delaware, L. & W. R. Co.,* 191 Pa. 450, 43 Atl. 319; *Southern Ry. Co. v. Hobbs,* 118 Ga. 227, 45 S. E. 231, 63 L. R. A. 68; *Texas & P. R. Co. v. Cole,* 66 Tex. 563, 1 S. W. 629; *St. Louis S. W. R. Co. v. Ricketts et al.,* 96 Tex. 68, 70

S. W. 315; *St. Louis, I. M. & S. R. Co. v. Knight,* 81 Ark. 429, 99 S. W. 684; *Brown v. Chicago, M. & St. P. Ry. Co.,* 54 Wis. 342, 11 N. W. 356, 911, 41 Am. Rep. 41. In the latter case, upon the particular question, it was observed:

"The defendant must therefore be held to have caused the plaintiffs to make the journey as the most prudent thing for them to do under the circumstances, and, we think, under the rules of law, the defendant must be liable for the direct consequences of the journey. Had the defendant wrongfully placed the plaintiffs off the train in the open country, where there was no shelter, in a cold and stormy night, and on account of the state of health of the parties in their attempts to find shelter they had become exhausted and perished, it would seem quite clear that the defendant ought to be liable. The wrongful act of the defendant would be the natural and direct cause of their deaths, and it would seem to be a lame excuse for the defendant that, if the plaintiffs had been of more robust health, they would not have perished or have suffered any material injury. The defendant is not excused because it did not know the state of health of Mrs. Brown, and is equally responsible for the consequences of the walk as though its employees had full knowledge of the fact."

All the acts done by the plaintiff and from which the injury flowed were rightful on her part, and compelled by the act of the defendant. There was no intervening, independent cause. It must therefore be held that the injury to the plaintiff was the direct result of the defendant's negligence and that such negligence was the proximate and not the remote cause of the injury. In other words, as said by Lord Ellenborough in *Jones v. Boyce,* 1 Stark. 493:

"If I place a man in such a situation that he must adopt a perilous alternative, I am responsible for the consequences."

So, as has been seen, the defendant by its negligence placed the plaintiff in a position where it was necessary for her to act to avoid the consequences of the wrongful act of the defendant, and, acting with ordinary prudence and care to extricate herself from the difficulty in which she had been placed, she sustained the injuries complained of. The true meaning of the maxim,

"*Causa proxima non remota spectatur*," is defined in *Kellogg v. Railway Co.*, 26 Wis. 223, 7 Am. Rep. 69, as follows:

"An efficient, adequate cause being found, must be considered the true cause, unless some other cause, not incidental to it, but independent of it, is shown to have intervened between it and the result."

Where there is no intermediate efficient cause, the original wrong must be considered as reaching to the effect and proximate to it. *Milwaukee & St. P. Ry. Co. v. Kellogg, supra.*

Finally, it is urged that the verdict for $500 is excessive. There was testimony tending to show that as a result of plaintiff's exposure and exertion she contracted a bad cold, and for a time was confined to her bed. Further it appeared that the cold was followed by a bad cough, together with neuralgia of the head, and that the plaintiff had not been in good health since the date of her walk back to the station. There was testimony tending to show that plaintiff was a delicate woman. Under the rule announced in *Choctaw, O. & G. Ry. Co. v. Burgess,* 21 Okla. 653, 97 Pac. 271, and *Muskogee Electric Traction Co. v. Reed,* 35 Okla. 334, 130 Pac. 157, we are not prepared to say that the verdict is excessive. We adhere to the rule, announced in the former case, that appellate courts should sparingly exercise the power of granting new trials on the grounds of excessive damages, and only when it appears that the verdict is so excessive as *per se* to indicate passion or prejudice. The impairment of plaintiff's health, due to defendant's negligence, was a question of fact for the jury, and, there being evidence tending to establish its extent and permanency, we cannot disregard the conclusions reached in fixing the amount of damages, for to do so would be to invade the province of the jury. We find nothing in the record to warrant us in saying that the jury was actuated by passion or prejudice in assessing damages. The trial judge did not regard the verdict as excessive. While the testimony concerning the state of plaintiff's health, and the direct cause to which its impairment was due, is not altogether satisfactory, if

true, and the jury so concluded, it is sufficient, and we are not disposed to disturb the jury's findings.

The judgment of the trial court should therefore be affirmed.

By the Court: It is so ordered.