72   357<br>f81   431

## KANSAS CITY SOUTHERN RAILWAY COMPANY v. MARX.

### Opinion delivered April 9, 1904.

COSTS—ATTORNEY'S FEE—RAILROAD.—Under Acts 1887, p. 225, providing that in all actions against railway companies "for the violation of any law regulating the transportation of freight and passengers," the plaintiff, if successful, shall also recover a reasonable attorney's fee, to be taxed as part of the costs, one who has recovered for injury from negligence of a railroad employee, received while riding as a passenger, is not entitled to recover an attorney's fee, where no statute was violated; the fee being in the nature of a penalty imposed for failure to comply with the police regulations of the State.

Appeal from Polk Circuit Court.

WILL P. FEAZEL, Judge.

Action by A. Marx against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant appeals. Reversed.

#### STATEMENT BY THE COURT.

A. Marx took passage on a local freight train of the defendant company from Mena to Jameson, Ark. · At one of the stations, when the train stopped en route, the caboose in which plaintiff rode was cut loose or separated from the train, and when the train was backed up to the caboose again, through the negligence of the engineer in charge of the train, it struck the caboose with considerable force, which resulted in some injury to plaintiff. He brought an action against the company for damages, and on the trial in the circuit court the jury found in his favor, and assessed his damages at $75, for which sum the court gave judgment. On the following day the plaintiff asked the court that he

be allowed a reasonable attorney's fee, to be taxed as costs against the defendant, and thereupon the court allowed him an attorney's fee of $75, and gave judgment that plaintiff recover the same from the defendant as part of his costs. The defendant objected, and saved its exceptions. And afterwards, its motion to rehear being overruled, it appealed.

*Lathrop, Morrow, Fox & Moore, Read & McDonough*, for appellant.

The plaintiff was not entitled to a judgment for attorney's fee under section 6218 of Sandels & Hill's Digest. 66 Ark. 543; 165 U. S. 162. Statutes allowing an attorney's fee must be strictly construed. 12 Ark. 60; 5 Am. & Eng. Enc. Pl. & Pr. 110; 47 Ark. 442; 61 Ark. 407; 60 Ark. 194; 5 Am. & Eng. Enc. Pl. & Pr. 111, 124. Generally, attorney's fees are not recoverable. 21 Ark. 431; 37 Ark. 605; 36 Ark. 191; 42 Ark. 97; 49 Ark. 492.

RIDDICK, J. (after stating the facts). The only question raised by this appeal is whether, in an ordinary action by a passenger against a railway company to recover damages for injuries received on account of the negligence of an employee of the company, and when no statutory regulation of the state has been violated, the plaintiff may, if he makes out his case, recover, in addition to his damages, a reasonable attorney's fee. The statute of 1887 provides that in all actions against railway companies "for the violation of any law regulating the transportation of freight or passengers" the plaintiff, if successful, shall also recover a reasonable attorney's fee, to be taxed as part of the costs. But this provision, we think, refers to actions against railway companies for violations of statutory regulations of the state in regard to transportation of freight and passengers, for, if we should hold that it applied to all actions arising against railroads in the carriage of freight or passengers, whether any statute had been violated or not, it is doubtful if it would be a constitutional law (*Gulf, Colorado & Santa Fe Ry.* v. *Ellis*, 165 U. S. 150; *St. Louis, I. M. & So. Ry. Co.* v. *Williams*, 49 Ark. 492); for the legislature cannot single out railroad companies, and tax them with attorney's fees in cases where judgments are recovered against them, when other defendants are not thus taxed, unless

there be some reason upon which to found the discrimination so made. Statutes allowing attorney's fees to be taxed against railway companies where judgments are recovered against them for the violation of statutory regulations are upheld on the ground that such a fee is in the nature of a penalty imposed upon the company for failure to comply with the police regulations of the state. But in this case no statute was violated, and there is no reason why a penalty should be imposed. *Dow* v. *Beidelman,* 49 Ark. 455; *Gulf, Colorado & Santa Fe Ry. Co.* v. *Ellis,* 165 U. S. 150.

Statutes taxing attorney's fees against defendants in common with other statutes imposing penalties should be strictly construed, and, looking at the statute in that light, we are of the opinion that it does not apply to cases like the one before us where no statute has been violated.

The judgment for the attorney's fee is reversed, and the motion therefor dismissed.