ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* KNIGHT.

Opinion delivered January 14, 1907.

1. CARRIER—TAKING PASSENGER BEYOND STATION—CONTRIBUTORY NEGLIGENCE.—Where, through the carrier's negligence, a passenger was carried two miles beyond his station before the train stopped, and he walked back in the rain, and became sick from exposure, it can not be said, as matter of law, that he was guilty of contributory negligence in deciding to walk, or that he assumed the risk of doing so. (Page 430.)

2. SAME—ALLOWANCE OF ATTORNEY'S FEE.—Kirby's Digest, § 6621, providing that in all actions at law or suits in equity against any railroad company "for the violation of any law regulating the transportation of freight or passengers by any such railroad, if the plaintiff recover in any such action or suit, he shall recover a reasonable attorney's fee," etc., permits a recovery of such fee only as a penalty for violation of a statutory regulation of rairoads, but not for carrying a passenger beyond his destination. (Page 431.)

Appeal from Prairie Circuit Court; *George M. Chapline,* Judge; reversed in part.

*Samuel H. West* and *J. C. Hawthorne,* for appellant.

1. Conceding that the appellee's testimony is true, still, in view of the facts that he was earning at the time only $45 per month, and that the distance was only about two miles, which he could walk in not exceeding one hour; and in view of the further facts that he could have remained on the train with the loss of only one day's time, and that he voluntarily debarked from the train, knowing the condition of the weather, the verdict was not only excessive, but appellee ought not to have recovered at all because of his own contributory negligence. 67 Ark. 123; 18 Am. & Eng. R. Cas. 254; 74 Mo. 147; 78 Mo. 610; 71 Ill. 391; 54 Ark. 431; 1 S. W. 629; 6 Am. & Eng. R. Cas. 341; 5 Mo. App. 7.

2. The statute, Kirby's Digest, § 6621, can not be invoked in aid of a recovery of an attorney's fee for carrying a passenger beyond his destination, as it was not in violation of any statutory regulation. 80 S. W. 579. See also Rev. Stat. Mo., 1899, § 1107; 20 S. W. 32; Kirby's Digest, § 6212; 55 Mo. App. 123; 67 Mo. App. 156.

*Bradshaw, Rhoton & Helm,* for appellee.

1. The verdict will not set aside because it is excessive. Kirby's Digest, § 6217; 35 Ark. 494; 58 Ark. 139.

2. Under the statute, upon recovery in such cases, the plaintiff is entitled to recover a reasonable attorney's fee to be taxed as costs. It is not within the province of a jury to tax costs in a case, hence there was no error in the court fixing the amount of the fee.

Riddick, J. This is an appeal from a judgment in favor of S. H. Knight against the defendant railway company. On the 4th day of March, 1902, Knight took passage on the train of defendant from Stuttgart to Ulm, both places being on the line of defendant's railway. When the train arrived at Ulm, through some oversight the train did not stop, and plaintiff was carried two miles past the station. It was a rainy and disagreeable day for walking, but, as plaintiff had arranged for a buggy to meet him at Ulm, and as the circumstances made it very inconvenient for him not to stop there, he alighted from the train and walked back to Ulm. He had no umbrella, and was wet and muddy when he arrived at the station, and on account of the exposure he contracted a severe cold, became sick and lost several days from work. The jury assessed his damages at seventy-five dollars, and the court allowed an attorney's fee of fifty dollars.

The first contention is that the amount allowed by the jury was excessive. As plaintiff, according to his own testimony, was only earning forty-five dollars a month, if there was nothing but the fact of the walk back to the station, a distance of two miles, the judgment would be excessive, but plaintiff suffered an attack of sickness as consequence of exposure to rain. It will be conceded that, when this sickness is considered and the loss of time in consequence thereof, this judgment is not excessive. But counsel for defendant contends that this sickness can not be considered, for it was the result of plaintiff's own negligence in exposing himself to the weather. Now, plaintiff was under the impression that if he did not get off the train he could not get another train back until the next day. He had directed that his horse and buggy be taken to Ulm to meet him at the train, so that he could drive across the country to De-Vall's Bluff, where he had business to look after. These and

other circumstances in proof show that it would have been very inconvenient and annoying to plaintiff to have been compelled to remain on the train.   When the train stopped, he was called on suddenly to decide whether he would walk back to .Ulm or remain on the train.   The danger of being made sick by exposure to the weather may have seemed to him slight, for it is not often that a man of average health will be made sick by a walk of two miles, even when he is exposed to a shower of rain on the way. The negligence of defendant's employees ·put plaintiff suddenly in a situation that he was compelled to decide at once whether he would remain on the train and go away from the station to which he wished to go or walk back to the station, and we can not say under these circumstances that he acted imprudently in deciding to walk, or that he assumed the risk of doing so. Counsel for appellant admit that the jury were properly instructed, and, the jury having passed on these questions under proper .instructions, we do not think their verdict should be disturbed.

The other question presented is whether the court erred in taxing the defendant with an attorney's fee of fifty dollars. The statute under which this fee was allowed is as follows:

"In all actions at law or suits in equity against any railroad company, its assignees, lessees or other person or persons owning or operating any railroad in this State or partly therein, for the violation of any law regulating the transportation of freight or passengers by any such railroad, if the plaintiff recover in any such action or suit, he shall also recover a reasonable attorney's fee, to be taxed up as a part of the cost therein and collected as other costs are or may be by law collected." Kirby's Digest, § 6621.

In *Kansas City So. Ry. Co.* v. *Marx*, 72 Ark. 357, we said that the Legislature could not discriminate against railroad companies and tax them with attorney's fees when other litigants were not subjected to such liabilities, but that they could authorize them to be taxed with attorney's fees in judgments against them for violating statutory regulations, the fee in such a case being a part of the penalty for violating the statute. The court held that this statute had reference to such violations, and the question as to whether an attorney's fee can be taxed against

the company in this case for the benefit of the plaintiff depends on whether this is an action for the violation of a statutory regulation. Now, it is not alleged in the complaint that any statute was violated by defendant, nor is there any reference to a statute in the complaint. The charge is that, through the negligence of the employees of the company, the train did not stop at the depot, but ran by and stopped some distance beyond. Defendants were liable for the damages caused by such negligence under general rules of law, without regard to any statute, and we do not think that, under the pleadings in this case, the defendant has been tried or convicted of having violated an express statutory provision such as authorized the court to impose a penalty upon the defendant in the nature of an attorney's fee.

For these reasons the judgment as to the attorney's fee will be set aside, and in other respects affirmed.