St. Louis, Iron Mountain & Southern Railway Company
*v.* Evans.

Opinion delivered March 28, 1910.

1. Carrier—carrying passenger beyond station.—Where a passenger was wrongfully carried beyond her station, and she got off at the next station and drove to her home, she was entitled to recover damages for the inconvenience and hardship of travelling the additional distance occasioned by being carried beyond her station. (Page 325.)

2. Same—allowance of attorney's fee.—Kirby's Digest § 6621, providing that in all actions at law or suits in equity against any railroad company "for the violation of any law regulating the transportation of freight or passengers by any such railroad, if the plaintiff recover in any such action or suit, he shall recover a reasonable attorney's fee," etc., permits a recovery of such fee only as a penalty for violation of a statutory regulation of railroads, but not for carrying a passenger beyond his destination. (Page 326.)

Appeal from Franklin Circuit Court, Ozark District; *Jeptha H. Evans,* Judge; reversed in part.

*Lovick P. Miles,* for appellant.

None of the circumstances making it necessary for appellee to debark at Poping were made to appellant. 71 Ark. 572. The court erred in taxing an attorney's fee in this case. 81 Ark 429; 72 Ark. 357.

McCulloch, C. J. This is an action instituted by appellee to recover damages for being carried by the railroad station to which she was destined. With her husband, she took passage on one of appellant's trains at Poping, a station about five or six miles west of Ozark, Ark., for Fort Smith, and returned during the afternoon of the same day, having tickets for Poping. The train did not stop at that station. As soon as the train passed Poping, appellee's husband went to the brakeman and train auditor and demanded that the train be stopped and backed to the station. This was not done immediately, but soon afterwards the train came to a stop, but the conductor refused to back up to Poping. This was from one to three miles beyond the station, according to the varying statements of the witnesses. Appellee's husband declined to get off at that place, and the train moved on and stopped next at Ozark, and appellee and her husband debarked. There was some evidence to the effect

that the train auditor offered them return transportation to Poping on the next train, but the testimony is conflicting on this point.

Appellee lived south of the Arkansas River, about three miles from Poping, which was north of the river and a few hundred yards therefrom. Appellee and her husband drove to the river that morning in a buggy and left the conveyance at a farm there, intending to drive back home on their return from Fort Smith that afternoon. Mrs. Evans left her wraps at the farm with the buggy. She had two small children, one of whom was with her on the journey, and the other, about two years old, she left with her mother, who lived in the neighborhood.

When they left the train at Ozark, they immediately hired a buggy and drove through to the home of appellee's mother, a distance of about twelve miles. The first train going west from Ozark would have carried them back to Poping the next day. This was on November 25, and the weather was very cold.

The trial jury returned a verdict in appellee's favor, assessing damages in the sum of $87.50, and the court, over appellant's objection, rendered judgment for that sum and also an attorney's fee of $20. The testimony was undisputed as to the appellee having been wrongfully carried by her station, and the court gave a peremptory instruction to the jury to return a verdict in her favor.

On the measure of damages, the court gave the following instruction: "2. The amount of her recovery should be such a sum as in your judgment from the evidence will fairly compensate her for the additional exposure, if any; the inconvenience, if any; and the physical pain and suffering, if any, approximately occasioned by being carried beyond her station. No consequential or remote damages can be recovered or considered." In an instruction requested by appellant, the court told the jury to disregard all the evidence as to permanent affliction.

It is insisted that the verdict is excessive, but we think this case is ruled by *St. Louis S. W. Ry. Co.* v. *Knight*, 81 Ark. 429, which sustains the assessment of damages.

Appellant contends that appellee should have got off and

walked back when the train stopped a few miles distant from Poping, or should have remained overnight at Ozark and taken a train back the next day, and that only the expenses of remaining at Ozark until the next day should be allowed as damages. We cannot give our assent to this. Appellee should not be permitted to recover damages augmented by her own act in unnecessarily or negligently exposing herself to hardships and suffering; but she was not bound to suffer the inconvenience of remaining overnight away from home and child when she could, by reasonable effort and inconvenience, get home earlier. But counsel argues that appellee should not be permitted to recover because she and her husband drove through the country to her mother's, instead of to Poping. The evidence does not show how far it is from Ozark to Poping by public road; but, even if it is nearer than the distance actually traveled, appellee was not bound to go back to Poping. Her destination was her mother's home; and when she started from Ozark she had a right to choose the nearest route, without regard to the distance back to Poping—though of course she could not recover for the inconvenience of traveling the distance she would have had to travel to get to her home or to her mother's if she had got off the train at Poping. It was only the inconvenience and hardship of traveling the additional distance that she had the right to recover for, and the court so limited the right of recovery in the instruction given on the measure of damages. This was a question for the jury, and we do not think the damages awarded are excessive.

The court erred, however, in rendering the judgment for attorney's fees. *St. Louis S. W. Ry. Co.* v. *Knight, supra.*

The judgment as to damages is affirmed, but the judgment for attorney's fees is set aside.