KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* TONN.

Opinion delivered January 8, 1912.

1. PLEADING—AMENDMENT OF COMPLAINT—NEW CAUSE OF ACTION.— Where plaintiff brought replevin for personal property alleged to be wrongfully withheld by defendant railway company, and subsequently filed an amended complaint in which a recovery was sought, not for possession of the property but for a certain sum which it was alleged the defendant has wrongfully collected from plaintiff for transportation of his property, the amendment states a different cause of action from that set out in the original complaint. (Page 25.)

2. PLEADING—AMENDMENT CHANGING CAUSE OF ACTION—WAIVER OF OBJECTION.—Where defendant filed an answer to an amended complaint which changed the cause of action, without moving to strike out such amended complaint, he will be held to have waived any objection to the amended complaint. (Page 25.)

3.  CARRIERS—INTERSTATE COMMERCE—RECOVERY OF EXCESSIVE CHARGES.
    —Where the amount collected by a carrier for an interstate shipment
    of freight is in excess of the rate fixed by law, the shipper may recover
    such excess in any court of the State having jurisdiction of the amount
    involved, without first making application to the Interstate Commerce
    Commission to determine whether an excessive charge had been made
    for transportation.    (Page 26.)

4.  SAME—WHEN ATTORNEY'S FEE NOT TAXED AS COSTS.—Under Kirby's
    Digest, section 6621, providing that if the plaintiff shall recover in an
    action against a railroad company for violating the statute regulating the
    transportation of freight he shall recover a reasonable attorney's fee,
    a shipper is not entitled to an attorney's fee where he recovers in an
    action against a railroad company for making an excessive charge for
    transportation of freight where the recovery is not based upon the
    violation of any statutory duty.    (Page 29.)

Appeal from Polk Circuit Court;  *Jefferson T. Cowling,*
Judge; reversed in part.

*Read & McDonough,* for appellant.

1.  Appellee can not recover any damages, because, under
his own proof, he was not entitled to possession of the property.
The carrier has a lien on the goods transported for all charges
due, and the right to possession until all charges are paid.
Elliott on Railroads, § 1571;  42 Ark. 313;  67 Ark. 135;
37 Ark. 544;  16 Ark. 90.

2.  The court had no jurisdiction of this cause, but the
question involved here, construing the schedule of tariffs and
thus determining the rates on emigrant movables, is one.
solely for the Interstate Commerce Commission.    204 U. S.
426;  Interstate Commerce Act, § 9;  Barnes on Interstate
Trans. 1108;  *Id.* § 412;  *Id.* § 408, p. 601, § 382;  *Id.* § 77,
and cases cited; *Id.* § § 60, 61.  See also 97 Ark. 353; 99 Ark. 105;
219 U. S. 486;  *Id.* 467; *Id.* 186; *Id.* 498.

3.  It is a well established rule that if any article is to
come within the class, that article must be specifically described
or named.   The schedules which the court construed were the
published tariff rates of appellant and its connecting carrier,
and therein the definition of emigrant movables and the
articles included under those words are expressly set out.
Unless potatoes, which are vegetables and not seeds within the
meaning of the schedule, are expressly placed within the mean-
ing of emigrant movables, they would necessarily be excluded.

The court therefore, even if it had the right to decide the rate, did it erroneously in holding that potatoes were "seeds for planting purposes" and a part of emigrant movables. Rule 6, Tariff Circular, 17A; 130 U. S. 412; 103 U. S. 597; 101 U. S. 284; 113 U. S. 645; 96 U. S. 108; 116 U. S. 11; 127 U. S. 113.

4. The court erred in allowing against appellant an attorney's fee. 81 Ark. 429; 72 Ark. 357; 94 Ark. 324.

*S. A. Downs,* for appellee.

1. If the original and amended complaints state separate causes of action, they could properly be joined under the statute. Kirby's Digest, § 6079. But, if improperly joined, appellant should have moved the court before trial to strike out one of the causes of action, and in failing to do so appellant waived the misjoinder. Kirby's Digest, § 6081, foot note (w) and § 6082. Misjoinder of causes of action is properly reached by motion to strike, not by demurrer. 39 Ark. 162; 32 Ark. 495. See also 58 Ark. 139.

2. The court had jurisdiction. This case could be brought in the State court only. 168 Fed. 420; 95 Ark. 412; 99 Ark. 105. The Circuit Court of Appeals holds that the proviso in the act of Congress of June 29, 1906 (U. S. Comp. St. Supp. 1907 p. 909), leaves a shipper free to resort to the laws of his State to right a wrong occurring on an interstate shipment. 97 C. C. A. 198, 172 Fed. 850.

An interstate carrier is not permitted to quote a rate lower than the legal rate in force and on file with the Interstate Commission, and after the shipment has reached its destination charge an additional sum to bring the total up to the regular rate on file with the commission. 105 Am. St. Rep. 111.

It is not a question in this case whether the rates are reasonable or not. It is purely a question of an overcharge according to the rates fixed by the appellant itself. No construction of the Interstate Commerce Act was necessary. As to the potatoes, the evidence shows they were shipped for planting purposes, and the only question for the court or jury was whether that was true or whether they were shipped for commercial or speculative purposes.

3. Appellee was entitled to recover an attorney's fee. Kirby's Digest, § 6621; 66 Ark. 543; 49 Ark. 455; *Id.* 492;

Interstate Com. Act, § 8, 3 Fed. St. Ann. 833. See also 99 Ark. 105.

FRAUENTHAL, J. The appellee, E. A. Tonn, in March, 1909, moved his home from New London, in the State of Wisconsin, to Mena, in the State of Arkansas. He was the owner of certain personal property, consisting of household goods, farming implements, and 250 bushels of potatoes, which he desired to ship from New London to Mena. He intended to use these potatoes for planting purposes in his new home in Arkansas, and applied at New London to the station agent of the Chicago & Northwestern Railroad Company for emigrant rates on his personal effects shipped from that point to Mena. He was informed by said agent that the rate was 45 cents per hundred weight in carload lots of 20,000 pounds. He thereupon tendered his property to the railroad company for such transportation, which was received and accepted by the initial carrier, and a bill of lading was duly issued by it therefor upon that rate. Appellee then paid to the initial carrier the entire freight charges, amounting to $90. Under this bill of lading the property was delivered to appellant as a connecting carrier, who transported same to Mena.

Upon the arrival of the property at Mena, the agent of the appellant at that station refused to deliver the same to appellee, claiming that the freight charges thereon which had been paid by appellee were incorrect, and that he should pay additional freight charges of $200.50. This the appellee refused to pay. Thereupon, he instituted an action in replevin against appellant for the possession of the property, but without giving the bond required to obtain an order of immediate delivery. In a few days after bringing this suit, he paid the additional freight charges demanded by the appellant, towit, $200.50, and obtained possession of the property. Thereafter, he filed an amended complaint in which he alleged all of above facts. He also alleged that said shipment consisted of household goods, implements and potatoes, constituting emigrant movables; that the initial carrier and appellant had fixed the tariff rates thereon from New London to Mena at 46 cents per hundred weight, and that the said tariff had been duly published and filed with the Interstate Commerce Com-

mission in manner prescribed by law, and was the lawful charge for such transportation. He further alleged that since filing the original complaint he had discovered that he was in error as to the amount of the tariff chargeable by law upon said shipment, and that the correct charges thereon were $92 instead of $90, the amount paid by him; and that the amount of the additional charges should only have been $2 instead of $200.50. In this amended complaint he sought a recovery for the sum of $198.50, which he claimed was the excess of charges exacted from him for the carriage of said property. He also asked for the recovery of damages for the detention of the property, and for a reasonable attorney's fee.

Thereupon appellant filed an answer to this amended complaint, in which was also incorporated a demurrer. The demurrer was based upon the ground that the amended complaint did not state facts sufficient to constitute a cause of action; and that the court did not have jurisdiction to hear and determine the cause. In its answer, appellant denied each allegation of the amended complaint. It denied that the the potatoes constituted emigrant movables, and that they were seed potatoes to be used for planting, but alleged that they were shipped for commercial purposes. It alleged that the rate on potatoes shipped for commercial purposes was higher than when shipped as emigrant movables, and that appellee had wrongfully shipped same as emigrant movables in order to avoid paying this higher and proper rate thereon. It also alleged that it had committed error in demanding and receiving from appellee for said shipment the additional freight charge of $200.50; that the erroneous excess amounted to $45.44; and it paid that sum into court for the benefit of appellee. In effect, the appellant alleged that the potatoes were shipped for commercial purposes, and that the the proper and lawful rate chargeable for the transportation thereof, together with the rate chargeable on the other property shipped, was much greater than the sum of $92 as claimed by the appellee.

Upon a trial of the case, the lower court held in effect that appellant had wrongfully exacted from appellee the sum of $198.50 for the transportation of said property, and directed a verdict in favor of appellee for that sum. Appellee

then filed a motion asking for the allowance to him of a reasonable attorney's fee, which the court granted; and fixed the amount of said fee at $50, rendering judgment therefor against appellant.

The original complaint filed in this case sought the recovery of certain personal property, and the cause of action therein set out was one of replevin. Subsequently, an amended complaint was filed in which a recovery was sought, not for the possession of the property, but of a stated sum which it was alleged the appellant had wrongfully collected from appellee for the transportation of his property.

It is urged by counsel for appellant that the cause of action set out in the amended complaint was distinct and different from that set out in the original complaint, and was therefore an entirely new cause of action which substantially changed the claim upon which the suit was originally instituted. The appellant, however, did not ask that the cause of action as set out in the amended complaint should be stricken out, but, instead of this, it joined issue thereon by filing an answer to the amended complaint. By this action, the appellant waived its objection that the amended complaint set out a new cause of action. Kirby's Digest, § § 6081, 6082. The amended complaint set out a distinct cause of action, and was equivalent to bringing a new suit. If a new suit had been brought by the appellee, setting up the cause of action mentioned in the amended complaint, the appellant could have waived the issuance and service upon it of a summons thereon, and could have entered its appearance to that suit. This it could do by filing an answer without question. In like manner it could enter its appearance to the amended complaint, which set up a new cause of action, by failing to move to strike such cause from the complaint and by filing an answer thereto. Appellant did this in this case. By so doing, it entered its appearance to the new cause of action set out in the amended complaint, just as to a new suit. As is said in the case of *Wood* v. *Wood*, 59 Ark. 446: "The same result was reached as would have been accomplished had a new and original complaint been filed. In that case the appellee could have entered his appearance, as he did, and waived summons, and the same end would have been obtained as was reached by the filing of the amendment.

The legal effect of the two proceedings is the same." 1 Enc. Pl. & Pr. 573; *Ferguson* v. *Carr*, 85 Ark. 246; *Greer* v. *Vaughan*, 96 Ark. 524.

By the filing of the amended complaint, appellee in effect abandoned the action of replevin for the recovery of the property, and based his action entirely upon allegations seeking the recovery of money which had been erroneously or wrongfully collected from him, as for money had and received. The appellant entered its appearance to that action by filing its answer and joining issue on the merits of the case set out in said amended complaint, and it thereby waived any objection thereto.

It is urged by appellant that the amended complaint is an action by a shipper to recover from a carrier an overcharge of a freight rate upon a shipment which moved in interstate commerce, and on that account the State court did not have jurisdiction to entertain the suit. This contention is made upon the ground that exclusive jurisdiction has been confided to the Interstate Commerce Commission to fix the amount of the reasonable rates which are charged on property shipped in interstate commerce; that a suit for the recovery of an overcharge of freight is in effect an action based upon a freight rate which it is claimed is unreasonable; that by virtue of the Interstate Commerce Act of February 4, 1887 (U. S. Comp. Stat., 1901, p. 3169), as amended by the act of Congress of June 29, 1906 (U. S. Comp. Stat. Supp. 1907, p. 909), application must be first made to the Interstate Commerce Commission to determine whether or not an unreasonable and excessive charge has been made for the transportation, and the amount thereof, before a suit can be brought for its recovery.

In the case of *Texas & Pac. Ry. Co.* v. *Abilene Cotton Oil Co.*, 204 U. S. 426, it was held that, "a shipper can not maintain an action at common law in a State court for excessive and unreasonable freight rates exacted on interstate shipments where the rates charged were those which had been duly fixed by the carrier according to the Interstate Commerce Act, and had not been found to be unreasonable by the Interstate Commerce Commission." But this is not the character of the case which is here presented. Briefly stated, the action

herein brought is founded upon the following undisputed evidence:

The property involved in this shipment made by appellee was delivered to and accepted by the common carrier as emigrant movables. Amongst the property there were 250 bushels of potatoes which were to be used solely for planting and not for sale or commercial purposes. The appellee had purchased land near Mena, Ark., his new home, thirty acres of which were in cultivation, and in this he intended to plant these potatoes. It would require eight bushels of potatoes per acre to plant this tract, and appellee shipped with his household effects these potatoes as seed potatoes. The freight rate fixed by the initial carrier and appellant for the transportation of emigrant movables from New London to Mena was 46 cents per hundred pounds, and this tariff had been duly published and filed with the Interstate Commerce Commission, and had become the rate lawfully chargeable for the carriage of such property, in full compliance with the Interstate Commerce Act. The term, "emigrant movables," according to this tariff, applied to household goods, implements of calling and seeds for planting purposes. General merchandise and articles for sale or commercial purposes were excluded from this tariff. The potatoes included in this shipment made by appellee, being for planting purposes, were therefore seeds for planting within the meaning of this tariff for emigrant movables. The rate named in this tariff for emigrant movables applied to seed potatoes under the undisputed evidence, and this constituted the lawful rate for the transportation.

It is urged by counsel for the appellant that the rate for freight charges on any property is determined by the classification made thereof, and, inasmuch as the Interstate Commerce Commission must first determine the reasonableness of the rate, it must also determine the classification of the property. But we do not think that the question of the reasonableness of the rate upon or classification of this property is involved in this case. The rate for emigrant movables was duly fixed and published by the carrier, as provided by the Interstate Commerce Act, and was therefore found reasonable by the Interstate Commerce Commission. The rate thus named in the tariff became the rate fixed by law. This rate was applicable

to potatoes used for planting purposes, and the potatoes which were shipped by appellee were this character of potatoes. The question involved in this case was not one of classification of property, but simply and solely one of identity thereof. It is not claimed that the rate named in the tariff was not applicable to the household goods and farming implements included in this shipment. It would be necessary to identify such items of property as household goods and implements of calling in like manner as it would be necessary to identify the potatoes as seed potatoes. The determination of the identity of the property as being of a certain kind and character would not constitute a classification thereof, nor would it fix the rate chargeable thereon. The classification in the tariff sheet had been made and published by the carrier and filed with the Interstate Commerce Commission and therein potatoes for planting were classed as emigrant movables. In fact, the rate named in this tariff for emigrant movables is rather a certain rate named upon a certain commodity, and the only question to be determined is whether or not the property shipped constituted that commodity. The rate applicable to the transportation of seed potatoes was therefore fixed in manner prescribed by the Interstate Commerce Act at 46 cents per hundred pounds, and this constituted the lawful and published rate thereon from New London to Mena. In demanding a greater amount the carrier erroneously collected more than it was entitled to receive.

The suit instituted by this amended complaint is one to recover the amount thus erroneously collected from the appellee, and it is not a suit to recover for an unreasonable rate that was fixed or exacted. It was the intention of the agent of appellant to collect from appellee only the amount of the rate actually named in the published tariff for the carriage of this property, and any sum which it actually collected in excess of such rate was erroneous. It has been well settled, we think, that a shipper has a right to have his property transported by a common carrier at the rate fixed by law, and is entitled to recover back all charges collected from him in excess of such rate.

In the case of *Lanning-Harris Coal & Grain Co.* v. *St. L. & S. F. Rd. Co.*, 15 I. C. C. Rep. 37, it was said: "It seems

fairly certain that, in case of the exaction of a rate higher than the published tariff, the shipper may bring his suit in court in the first instance to recover the same." Barnes on Interstate Transportation, § 408-d; *Chapman & Dewey Lbr. Co.* v. *Jonesboro, L. C. & E. Rd. Co.,* 97 Ark. 300; 2 Hutchinson on Carriers, § 805.

Where the amount collected for the transportation of property by a carrier is in excess of the rate fixed by law, the shipper may recover such excess in any court of the State having jurisdiction of the amount involved, to the same extent as in an action for the recovery of money had and received. *Chicago, R. I. & P. Ry. Co.* v. *Lena Lbr. Co.* 99 Ark. 105; *St. Louis S. W. R. Co.* v. *Gramling,* 97 Ark. 353; *Missouri & N. Ark. Rd. Co.* v. *Wood,* 100 Ark. 312. See also *St. Louis & S. F. Rd. Co.* v. *Ostrander,* 66 Ark. 567.

It follows that, under the undisputed evidence adduced upon the trial of this case, appellee was entitled to recover the sum of $198.50 which was paid by him in excess of the lawful published rate applicable for the transportation of this property from New London to Mena.

It is claimed by counsel for appellee that he is entitled to recover a reasonable attorney's fee herein by virtue of sections 6666 and 6621 of Kirby's Digest. But it is conceded by appellee that at the time he demanded this property from the carrier he had only paid the sum of $90 for the transportation charges, and that according to the lawful rate chargeable thereon there was due the sum of $92 for the transportation thereof. Until he paid or tendered the full amount of the freight charges, the appellee was not entitled to the possession of the property, and the appellant was not liable for any penalty prescribed by the above statutes for refusing to deliver the same to him. When this additional sum of $2 was paid by appellee for the carriage of the property, it was immediately turned over to him.

Nor do we think that any provision of the Interstate Commerce Act, granting to a shipper the recovery of an attorney's fee, is applicable to this case, for the reason that the right of recovery herein is not based upon any provision of that act of Congress. As before stated, the suit herein instituted is in the nature of an action for money had and received by the

carrier who, by error, collected a greater amount of charges than it was entitled to receive.  It is not founded upon any statute, either State or National, and does not arise from the violation of any statutory duty imposed upon the carrier.  It is a right founded upon the common law which gives to the injured party a recovery for money had and received from him without consideration.  The appellee could only be entitled to recover an attorney's fee upon the ground that he had a right to recover a penalty from the carrier by reason of its violation of the performance of some statutory duty; and this right we do not think was covered by the cause of action set out in the amended complaint.  *Kansas City So. Ry. Co. v. Marx,* 72 Ark. 357.

It follows, therefore, that the court erred in adjudging to appellee the recovery of an attorney's fee.  So much of the judgment as awarded to appellee the amount of an attorney's fee is reversed and dismissed; in all other respects the judgment of the lower court is affirmed.  Any amount deposited in the lower court by defendant should be credited on the judgment when paid to plaintiff.