MIDLAND VALLEY RAILROAD COMPANY v. HORTON.

Opinion delivered March 16, 1914.

RAILROADS—INJURY TO PASSENGER OR FREIGHT—ATTORNEY'S FEES.—Where the cause of action in a suit against a railroad company is not based upon the violation of some statutory provision regulating the transportation of passengers or freight, the plaintiff is not entitled to recover an attorney's fee, under Kirby's Digest, § 6621.

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; reversed.

*Edgar A. de Meules* and *Sol. H. Kauffman,* for appellant.

No briefs filed for appellee.

WOOD, J.   The appellee sued appellant, alleging that he was a passenger, having procured a ticket entitling him to passage on appellant's train from Fort Smith to Williams, Okla., and that with this ticket in his possession he appeared at the train of appellant at its station in Fort Smith and offered and proposed to enter said train "when the employee and agent of appellant illegally and wrongfully refused to allow appellee to enter the car and with force and violence prevented appellee from entering the train." The trial resulted in a judgment for the sum of $3.75, and upon the motion of appellee judgment was also entered in his favor against appellant for $25 attorney's fee to be paid as part of the costs. The appellant appealed from the judgment allowing the attorney's fee.

Section 6621 of Kirby's Digest provides that: "In all actions at law or suits in equity against any railroad company * * * for the violation of any law regulating the transportation of freight or passengers by any such railroad, if the plaintiff recover in any such suit or action he shall also recover a reasonable attorney's fee, to be taxed as part of the costs."

This court has held that the above statute applies only to actions for the violation of statutory provisions regulating the transportation of freight and passengers.

*St. Louis, I. M. & S. Ry. Co.* v. *Evans,* 94 Ark. 324; *St. Louis, I. M. & S. Ry. Co.* v. *Knight,* 81 Ark. 429; *Kansas City So. Ry. Co.* v. *Marx,* 72 Ark. 357.

The cause of action alleged in the complaint is not based upon the violation of any statutory provision regulating the transportation of passengers.

The judgment for attorney's fee is therefore erroneous and it is reversed and remanded with directions to annul the judgment allowing an attorney's fee.