The Great Western Oil Refining and Pipe Line Company, Appellant, *vs.* The Chicago, Milwaukee and St. Paul Railway Company, Appellee.

*Opinion filed October 24, 1916.*

1. Appeals and errors—*Appellate Court opinion may be examined to ascertain reasons for judgment.* While error cannot be assigned on the opinion of the Appellate Court, yet the opinion is part of the files of the case and is the source from which the Supreme Court is to determine the reasons for the judgment of the Appellate Court.

2. Same—*when decisions of the Inter-State Commerce Commission cannot be considered.* Decisions of the Inter-State Commerce Commission which were not introduced in evidence in the lower court cannot be considered by the Supreme Court either as evidence or authority.

3. Jurisdiction—*when a State court has jurisdiction of a suit against inter-State carrier.* A State court has jurisdiction of a suit by a shipper against an inter-State carrier to recover an alleged overcharge on a shipment billed as petroleum tailings, which the carrier, on inspection, pronounced fuel oil and charged for at the rate per hundred pounds fixed by the Inter-State Commerce Commission for fuel oil, where the only question is whether the shipment was actually petroleum tailings or fuel oil.

Duncan, J., dissenting.

Appeal from the Appellate Court for the First District;—heard in that court on writ of error to the Municipal Court of Chicago; the Hon. Robert H. Scott, Judge, presiding.

Ossian Cameron, for appellant.

J. N. Davis, (H. H. Field, of counsel,) for appellee.

Mr. Justice Cooke delivered the opinion of the court:

Appellant, the Great Western Oil Refining and Pipe Line Company, recovered a judgment for $174.66 against the appellee, the Chicago, Milwaukee and St. Paul Railway Company, in the municipal court of Chicago. On appeal to

the Appellate Court for the First District the judgment was reversed, and this appeal has been perfected from the judgment of the Appellate Court on a certificate of importance.

The Appellate Court passed upon but one question, that of the jurisdiction of the municipal court over the subject matter of the suit, and its judgment of reversal is based solely upon the ground that the municipal court was without jurisdiction. While we review only the judgment of the Appellate Court and error cannot be assigned upon the opinion of that court, it is a part of the files of the case and is the source from which we are to determine the reasons for the decision and judgment of that court. (*Sixby* v. *Chicago City Railway Co.* 260 Ill. 478.) From the opinion of the Appellate Court it appears that this one question, alone, was considered.

The appellant shipped three cars loaded with material, which was billed as petroleum tailings, from Erie, Kansas, to two points in Illinois and one in Wisconsin over the line of appellee. This suit was brought in the municipal court to recover an alleged overcharge by appellee for the transportation of this material. The commodity shipped in the three cars was described in the bill of lading as petroleum tailings. Prior to the delivery of the cars to the consignees named they were inspected by appellee and the contents of the cars were pronounced to be fuel oil. The record discloses, and it is conceded by both parties, that the tariff fixed by the Inter-State Commerce Commission, and which was binding on appellee, specified a rate of eighteen cents per one hundred pounds from Erie, Kansas, to the points of destination of the three cars on petroleum tailings and of twenty-seven cents per one hundred pounds on fuel oil. The question of a reasonable or proper rate is nowise involved. The only question raised, and the only one the court was called upon to determine, was whether the commodity shipped was petroleum tailings or fuel oil. This was simply a question of fact and was a proper one to be

presented to the municipal court for determination. If it be found that the commodity was petroleum tailings, then the tariff charged constituted an overcharge and the judgment entered in the municipal court was proper. If, on the other hand, it should be found that the commodity shipped was fuel oil, then the tariff charged was a proper one and judgment should have been entered in favor of the defendant for costs.

The case was tried without a jury. The trial court refused to hold as the law that the court was without jurisdiction. Appellee cites numerous cases in support of its contention that the question involved is one which primarily comes within the jurisdiction of the Inter-State Commerce Commission; that this question has never been decided by the Inter-State Commerce Commission, and that a State court has no jurisdiction over a suit which involves the interpretation and construction of inter-State tariffs that have not been construed and adjudicated by the Inter-State Commerce Commission. None of the cases cited are applicable or have a bearing upon the question raised. The court is not called upon in this case to determine whether the rate fixed by the commerce commission is proper and reasonable, or in any way to interpret and construe inter-State tariffs that have not been construed and adjudicated by the Inter-State Commerce Commission. The Inter-State Commerce Commission has fixed tariff rates, which the appellee has adopted, upon petroleum tailings and upon fuel oil. The simple question of fact of what did the commodity shipped in the three cars in question consist was presented for determination. Should it be determined that the contents of the cars consisted of petroleum tailings then the lower rate should prevail and appellant is entitled to recover for the overcharge. Should it be determined, on the other hand, that the commodity shipped consisted of fuel oil, then the higher rate must prevail and the tariff charged by appellee was proper.

The question here presented is essentially different from that raised and determined in *Texas and Pacific Railway Co.* v. *American Tie and Lumber Co. Limited,* 234 U. S. 138, strongly relied upon by the appellee and cited and relied upon by the Appellate Court in coming to its decision. In that case the tie and lumber company sued the railroad company to recover damages alleged to have resulted from the refusal to furnish cars for the loading of oak railway cross-ties for shipment from points in Arkansas and Louisiana to Linwood, Kansas. It appeared that the railroad company had issued and filed with the Inter-State Commerce Commission its joint lumber tariff on lumber, including oak lumber. The railroad company refused to transport the ties at the tariff rate fixed for lumber, claiming that the rate did not include the rate on oak railway cross-ties but that cross-ties were recognized as a separate and distinct freight commodity, and that the railroad company had not at that time filed with the Inter-State Commerce Commission any tariff under which it could lawfully accept oak cross-ties for inter-State shipment at a through rate. While the contention is made here that petroleum tailings is the same commodity as fuel oil, the Inter-State Commerce Commission has recognized them as different commodities by fixing a separate and distinct rate for each. The *American Tie and Lumber Co. case, supra,* would be in point here if a rate had, in fact, been fixed on oak cross-ties and the contention was being made that the lumber rate should apply to the shipment for the reason that cross-ties were lumber. The only question presented in this case is, was there an overcharge on these shipments? This is a question which the State courts have the power to determine. (Inter-State Commerce act, sec. 22; *Hardaway* v. *Southern Railway Co.* 90 S. C. 475; *Kansas City Southern Railway Co.* v. *Tonn,* [Ark.] 143 S. W. Rep. 577.) The case should have been reviewed upon its merits.

Certain decisions of the Inter-State Commerce Commission have been referred to and quoted from by appellant. They were not introduced in evidence and therefore cannot be considered either as evidence or authority. *Robinson* v. *Baltimore and Ohio Railroad Co.* 222 U. S. 506.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to consider the errors assigned upon the merits.

*Reversed and remanded, with directions.*

Mr. JUSTICE DUNCAN, dissenting.