CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* CONSUMERS COAL COMPANY.

Opinion delivered March 5, 1917.

1. CARRIERS—DELAY IN SHIPMENT OF FREIGHT—STATUTORY PENALTY—WHO MAY SUE.—The consignee of freight may sue to collect the penalty provided by Act 193, p. 453, Acts 1907, against the carrier, for delay in making the shipment of freight.

2. CARRIERS—DELAY IN SHIPMENT OF FREIGHT—DIVISION POINT—TIME.—A car of coal was shipped over the line of defendant carrier from Hartford, Ark., to Little Rock, a distance of 47 miles. The train carrying the car passed through Booneville, a division point on the defendant railway. *Held*, under Act 193, p. 453, Acts 1907, requiring carriers to transport freight at the rate of fifty miles per day, and fixing a penalty for delay, that since the car must necessarily pass through a division point, that a period of four days would be allowed for a shipment from Hartford to Little Rock.

3. CARRIERS—DELAY IN TRANSPORTING FREIGHT—ATTORNEY'S FEES.—In an action for damages for delay in transporting freight, brought under Act 193, p. 453, Acts 1907, an attorney's fee may be assessed against the defendant carrier, as costs, under Kirby's Digest, § 6621.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks*, Judge; modified and affirmed.

*Thos. S. Buzbee, Geo. B. Pugh* and *Chester L. Johnson*, for appellant.

1. This suit is not prosecuted by the *shipper* of the coal, under the Act No. 1903, Acts 1907, but by the consignee. The act is penal and should be strictly construed. The language is plain and the forfeiture is to the shipper and to no one else.

2. .Defendant should have been allowed four days to carry the shipment; the court below assessed penalties on a three days' movement from Hartford to Little Rock. Booneville is a divisional point, where freight destined east must be taken from the trains and placed in other trains, after classification, etc. The time allowed by the act for rehandling freight should be considered. Only 51 days should have been allowed, if our first contention is not sustained.

3. The act does not authorize the allowance of attorney's fees, nor does any other law.

*Marvin Harris,* for appellee.

1. The statute is remedial as well as penal. The act provides that the shipper or *other party whose interest is affected* by the delay, may recover. It was the intention of the act that the real party in interest should recover. Sutherland on Stat. Const. (2 ed.), § § 337, 532, 526; Kirby's Digest, § 5999.

2. According to the agreed statement of facts, appellee was the shipper. Delivery to the carrier is delivery to the consignee, and the consignor has no title or right of possession and can not sue for conversion or damages by delay. 79 Ark. 456; 105 *Id.* 53; 115 *Id.* 221; 118 *Id.* 17.

3. The attorney's fee was properly taxed as part of the costs. Kirby's Digest, § 6621; 66 Ark. 602; *Ib.* 543; 112 *Id.* 125.

Smith, J. This cause was tried upon an agreed statement of facts, which may be summarized as follows: The appellant railroad company operates a line of railroad from and through this State. Hartford is a station in Arkansas on this railroad, 147 miles west of Little Rock, which is also located on said railroad. Between the stations of Hartford and Little Rock is located the station of Booneville, which is a division point on said line of railroad. Carload freight,

consigned from Hartford, and other stations west of Booneville, destined for points east of Booneville, are handled into the station of Booneville, by trains which terminate at said point, and the said trains are broken up and cars containing freight for eastern points are classified and placed in other trains, to be carried on to the respective destinations of said freight. That cars loaded with coal, with correct shipping instructions, were delivered to the railroad company by various coal companies located at Hartford, and by the Midland Valley Railroad Company, consigned to the Consumers Coal Company at Little Rock, which company was the plaintiff below. That the total number of days, or fraction thereof, of delay of said cars of coal, after deducting the free time allowed at the station of Hartford, Sundays, and holidays, and using three days as the time within which defendant was required by law to move said cars of coal from Hartford, Arkansas, to Little Rock, Arkansas, amounted to 118 days. That by using the period of four days as the basis of computing the delay to said cars, the total number of days delay amounted to 51. That the coal contained in said cars was purchased by the plaintiff, f. o. b. mines at Hartford, and other points on the Midland Valley Railroad, and the bills of lading issued to cover the shipments of coal consigned to plaintiff at Little Rock, were signed by the individual or company which delivered the cars of coal to either the defendant railway company or its connecting carrier, the Midland Valley Railroad Company. That the coal was bought by plaintiff at certain prices, f. o. b. mines, and the freight thereon was paid by plaintiff on delivery before it was delivered to plaintiff's customers at the request of the plaintiff, the customers paying the freight bills in such cases and deducting the amount of the freight bills from the prices agreed upon for the coal.

The court awarded judgment for plaintiff for $590, the full amount sued for, that is, for the penalty of $5 per day for 118 days, and assessed an attorney's fee in favor of plaintiff's attorney, and this appeal has been prosecuted to reverse that judgment.

This suit was instituted under the authority of Act No. 193, Acts 1907, p. 453. Section 2 of this act provides that, when freight in carloads or less' is tendered to a railroad company, and correct shipping instructions given, the railroad, upon receiving such freight, must carry it forward at the rate of not less than fifty miles per day of twenty-four hours, computing from 7 o'clock A. M., the day following the receipt of shipment, and for failure to receive and transport such shipments within the time prescribed, "the railroad company so offending shall forfeit and pay *to the shipper*" the sum of five dollars per car per day, or fraction thereof, on all carload freight, and one cent per hundred pounds per day or fraction thereof, on freight in less than carloads, with a minimum charge of five cents for any one package, upon demand in writing by the shipper, or other party whose interest is affected by such delay; "*provided,* that in computing the time of freight in transit, there shall be allowed twenty-four hours at each point where transferring from one railroad to another or rehandling of freight is involved, and in all computation of time between shippers and carriers, Sundays and legal holidays are to be excluded." There are other provisions in this section covering the shipment of live stock, and the allowance of time for delay resulting from accident, or other cause which the railroad company could not prevent, which is unimportant here.

It is first insisted that the plaintiff below had no right to maintain this suit, for the reason that he is not a shipper within the meaning of the act. The act provides that the railroad company "shall forfeit and pay to the shipper the sum of five dollars per car per day." But it will be observed that the cause of action is conferred "*upon demand in writing by the shipper, or other party whose interest is affected by such delay.*"

Of course, only a single cause of action is given to sue for this penalty, and that suit must be brought by the person upon whom the cause of action is conferred. That person is the shipper, or other party whose interest is affected by the delay, if we are to give the act the construction it

should have to carry out the obvious intention of the Legislature. Statutes which are both remedial and penal, as is this one, must be so construed. Lewis' Sutherland on Statutory Construction (2 ed.), Sections 337, 532 and 526.

It was evidently the intention of the Legislature to give this penalty to the person whose interest suffered as a result of the delay. Why otherwise would the party "whose interest is affected by such delay" make demand for the penalty unless he was entitled to receive it? To give the act any other construction would defeat its application to the great majority of all shipments.

In the case of *Isbell-Brown Co.* v. *Stevens Gro. Co.*, 118 Ark. 17, it was said: "It is the settled law in this State that as soon as a vendor delivers property to a carrier consigned to a vendee, the title passes to the vendee, and for any delay in shipment, the vendee's remedy is against the carrier. *Brownfield* v. *Dudley E. Jones Co.*, 98 Ark. 495; *Roberts Cotton Oil Co.* v. *Grady*, 105 Ark. 53; *Templeton* v. *Equitable Mfg. Co.*, 79 Ark. 456."

In the case of *W. & O. V. Ry. Co.* v. *Southern Lbr. Co.*, 115 Ark. 221, a consignor sued to recover the value of a carload of lumber which had not been delivered to the consignee. It was there insisted that the consignor was not the owner of the goods, and, therefore, had no right to sue. We said: "It is earnestly insisted by counsel for defendant that the plaintiff, as consignor, is not the owner of the goods, and therefore has no right to sue. We are of the opinion that this contention is well founded, and that the plaintiff has failed to establish its right to sue for the failure to deliver. It is undisputed that the sale of the carload of lumber by plaintiff to its customer in Pottsville was unconditional, and that it delivered the same to the carrier for shipment in acordance with the directions of the purchaser. The delivery to the carrier under those circumstances constituted a delivery to the purchaser and completed the sale, the title to the goods then being in the consignee. *Roberts Cotton Oil Co.* v. *Grady*, 105 Ark. 53. Any loss or damage thereafter sustained fell upon the purchaser as the owner of the goods, and he alone is entitled to sue."

(1)    Upon the acceptance of these cars of coal by the railroad company for shipment, the title thereof passed to the plaintiff, and there was a delivery to him so far as his vendor was concerned, and plaintiff alone was thereafter the "other party whose interest is affected by such delay," and, within the meaning of the act, must be held to be the shipper.

(2)    It is next insisted that the court erred in holding that the carrier was not allowed four days in which to move the shipments from Hartford to Little Rock. And we think the contention is well taken. The agreed statement shows the distance from the point of origin to the point of destination is 147 miles. This alone would give the railroad three days. But between these two points is the division point of Booneville, where freight, destined from Hartford to points east of Booneville, must be taken from the trains in which such shipments reached Booneville, and placed in other trains, after being classified, for movement to destination. Counsel for plaintiff contends that the allowance of twenty-four hours, "at each point where transferring from one railroad to another or rehandling of freight is involved," inures to the benefits of the railroad only when it unloads and reloads freight in quantities less than carload lots at transfer points. But we think the act should not be so construed. The Legislature must, of course, have had in mind the fact that all freight trains, whether local, or fast, or through, freight trains, have their appointed schedules governing their arrival and departure at the various stations along their route, and that the orderly dispatch of this vast business requires that these trains be made up according to some definite plan, and time was accordingly allowed for the rehandling of freight. There can be no reason for allowing "free time" to handle a portion of the contents of a car which would not apply to a whole car, where, as here, the car is taken out of a train, which arrives upon one schedule, and becomes a part of another train which departs upon another schedule.

We conclude, therefore, that the court should have used four days as a basis of computing the delay, and, under the

agreed statement of facts, the judgment should have been for only 51 days, or $255.

(3) It is finally insisted that the court erred in the assessment of an attorney's fee, because the law does not authorize its assessment. Section 6621 of Kirby's Digest provides that, in all actions at law, or suits in equity, against any railroad company, for a violation of any law regulating the transportation of freight or passengers, by any such railroad, the plaintiff, if he recovers in any such action, shall also recover a reasonable attorney's fee, to be taxed as costs. The recovery here was for a violation by the railroad company of a statutory provision regulating the transportation of freight by such railroad company, and the attorney's fee was, therefore, properly assessed as costs. *St. Louis S. W. Ry. Co.* v. *Knight,* 81 Ark. 429; *K. C. So. Ry. Co.* v. *Tonn,* 102 Ark. 20; *St. Louis, I. M. & S. Ry. Co.* v. *Evans,* 94 Ark. 324; *K. C. So. Ry. Co.* v. *Marx,* 72 Ark. 357; *Midland Valley Rd. Co.* v. *Horton,* 112 Ark. 125.

The judgment will be modified in accordance with this opinion and, as modified, affirmed.